## Henry G. Freeman, Jr., Appellant, *v.* The Pennsylvania Railroad Company.

*Contracts—Actions—Parties—Stranger to contract.*

Where a contract is for the benefit of the contracting party, no action can be maintained by a third person who is a stranger to the contract and the consideration.

*Railroads—Lease—Mortgage—Contract—Coupons.*

Where a railroad company leases the property and franchises of another railroad company, and covenants in the lease to pay operating expenses and to apply the surplus of earnings, if sufficient for that purpose, to the payment of the coupons for interest on the underlying first mortgage bonds

of the lessor company previously issued, the holder of such coupons has no right of action against the lessee to recover the amounts of the coupons.

Such a case is not within the rule that a person who is not a party to a contract may sometimes maintain an action upon it in his own name, where he is the only one who is beneficially interested in its performance, and where the party with whom it was actually made has ceased to have any real interest in it.

Argued Jan. 6, 1896. Appeal, No. 96, Jan. T., 1895, by plaintiff, from judgment of C. P. No. 4, Phila. Co., Sept. T., 1892, No. 384, for defendant on demurrer to statement. Before STERRETT, C. J., GREEN, WILLIAMS, MCCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Assumpsit on coupons.

Demurrer to statement.

The facts appear by the opinion of THAYER, P. J., which was as follows :

By an indenture dated February 21, 1872, between the Danville, Hazleton & Wilkes-Barre Railroad Company of the first part, and the Pennsylvania Railroad Company of the second part, the first named company leased to the Pennsylvania Railroad Company, for the term of thirty-three years, its railroad, which extended from Sunbury, in Northumberland county, to Tomhicken, in Luzerne county, together with all its depots, stations, buildings, appurtenances and property, real and personal, and all its corporate rights and franchises. The consideration for the lease was the covenants and agreements therein contained on the part of the lessee.

The Pennsylvania Railroad Company on its part covenanted that it would, during the demised term of thirty-three years, maintain, operate, and manage the leased road, and collect the tolls, freight charges, and all other dues which should accrue, and apply the same in the manner following : 1. To the cost of repairing, maintaining, operating and running the road, including the wages of all employees and the cost of all necessary materials, repairs to locomotives, and the cost of the customary car service. 2. To apply the surplus, if sufficient for the purpose, to the payment of the coupons for interest on the first mortgage bonds of the Danville, Hazleton & Wilkes-Barre Railroad Company maturing after April 1, 1872 ; but if the said earnings

are not sufficient after payments mentioned in item 1 to pay said coupons for interest and taxes, then the party of the second part covenants and agrees that it will advance such sums of money from time to time and purchase said coupons, and all of said coupons so purchased shall be held by the party of the second part, with all rights and liens incident to the same, as security for the sum so advanced: Provided, however, that the party of the second part shall not foreclose the mortgage securing said coupons until the expiration of this lease.   3. To pay any surplus remaining after the payments mentioned in items 1 and 2 to the party of the first part.   The Pennsylvania Railroad Company further binds itself to keep accurate accounts of all the business, tonnage, receipts, revenues, expenses and disbursements of the leased road, which shall be subject to the examination of the president of the Danville, Hazleton & Wilkes-Barre Railroad Company, which company shall also be furnished monthly with detailed statements showing the gross amount earned by the road and the receipts from passengers, from freights, from United States mails, and all other sources.   In article 3 of the indenture it is agreed and understood that the intention is that the Pennsylvania Railroad Company shall use the Danville, Hazleton & Wilkes-Barre Railroad for the control of the traffic by the Pennsylvania Railroad to and from New York over the Philadelphia & Erie Railroad.

The whole object of the lease, as thus frankly disclosed by this article, and which is indeed apparent from the whole instrument, was to enable the Pennsylvania Railroad Company to control, manage and operate the road for thirty-three years as a part of its own system, to make it a link in its western connections, that company securing to the lessors the net profits arising from freights over their road, after payment of all expenses, including that portion of the lessor's indebtedness which was represented by the coupons already referred to.

The Danville, Hazleton & Wilkes-Barre Railroad Company had in 1867 issued construction bonds, amounting in the aggregate to $1,400,000, secured by a mortgage upon the road and all the property and franchises of the company.   The interest upon these bonds was represented by coupons.   The present plaintiff, Henry G. Freeman, is the holder of certain of these coupons, amounting to $4,550.   In his statement filed in this

case he avers that the defendant, the Pennsylvania Railroad Company, guaranteed the payment of these coupons. This is an inaccurate statement, for the agreement and lease of February 21, 1872, between the two companies upon which the plaintiff relies shows conclusively that the defendant did not enter into any contract of guaranty with the plaintiff or with the holders of these bonds or coupons, nor into any contract whatever with them or with him. It was an entire stranger to the transaction and had no part in the agreement whatever. The arrangement made between the two companies was a private one which concerned nobody but themselves, and in which nobody but themselves had any part or voice whatever. The indebtedness represented by these bonds and coupons had been incurred and the bonds issued five years before the agreement entered into with the Pennsylvania Railroad Company. They could not have been negotiated upon the credit of the Pennsylvania Railroad Company, for that company had never in any way assumed any obligation for their payment.

The agreement and lease entered into between the two companies in 1872 was in no sense a guaranty to the plaintiff or the holders of the coupons. The Danville, Hazleton & Wilkes-Barre Railroad Company was alone responsible to the holders of the bonds and coupons.

But it is contended for the plaintiff that the subsequent agreement of the defendant with the Danville, Hazleton & Wilkes-Barre Railroad Company to apply the surplus earnings to the payment of the coupons in relief of the indebtedness of the latter company, and the alternative promise to buy up the coupons if the surplus earnings should not amount to sufficient to pay them, imposes an obligation upon the defendant which can be enforced by the plaintiff, notwithstanding he is a stranger to the contract. To establish this the plaintiff relies upon that class of cases in which it has been held that a person who is not a party to a contract may sometimes maintain an action upon it in his own name where he is the only one who is beneficially interested in its performance, and where the party with whom it was actually made has ceased to have any real interest in it.

It is quite clear that the case of the plaintiff cannot be brought within the scope of these decisions, or be drawn by any ingenu-

ity of argument within the operation of the reasons upon which they are founded.

The rigid rule of the common law was that no man could sue upon a cause of action arising out of an agreement to which he was not a party, and for which he had not contributed to the consideration. In later times the courts of law, borrowing a leaf, as they frequently did, from the records of the administration of justice by the courts of equity, recognized an exception to this general rule, holding that if one pay money to another for the use of a third person, or having money belonging to another, agree with that other to pay it to a third person, an action may be sustained by the only person beneficially interested; but that where the contract is for the benefit of the contracting party, and the third person is a stranger to the contract and the consideration, no action can be maintained by the third person, but only by the promisee.

This distinction was long since established in the English courts and has been fully adopted in our own. There is no necessity to fumble among the ancient cases, for since the judgment of the Supreme Court in Blymire v. Boistle, 6 Watts, 183, which has long been a leading case upon the subject in Pennsylvania, and in which the point was very ably discussed by SERGEANT, J., the rule there laid down has been recognized as well settled and uniformly followed. There have been cases perhaps in which the distinction has not been applied with entire exactness, and the tendency of which has been to obscure somewhat the just limits within which the rule may be properly applied. But the grounds upon which it rests, and the circumstances which define the boundaries of the distinction, are now too well understood to leave room for any ambiguity or doubt.

The cases are quite numerous. Among the more recent are Torrens v. Campbell, 74 Pa. 470, in which the rule is declared by Chief Justice MERCUR to be that where the contract is for the benefit of the contracting party, and the third person is a stranger to the consideration, no action can be maintained by the third party: Robertson v. Reed, 47 Pa. 115, is to the same effect, and so are Campbell v. Lacock, 40 Pa. 448, and Kountz v. Holthouse, 85 Pa. 235. The point was very ably considered and discussed by SHARSWOOD, J., in Mississippi C. R. R. v. South R. R. Ass'n, 8 Phila. 107, and by Justice WILLIAMS in

Adams v. Kuehn, 119 Pa. 84, where the true point of the rule is very clearly presented and applied, and the real distinction, as in Blymire v. Boistle, is held to be that " where one person enters into a contract with another to pay money to a third, or to deliver some valuable thing, and such third party is the only party interested in the payment or delivery, he can release the promisor or compel performance by suit. If, on the other hand, a debt already exists from one person to another, a promise by a third person to pay such debt is for the benefit of the original debtor to whom it is made, and can only be released or enforced by him. If it could also be enforced by the original creditor, the promisor would be liable to two actions for the same debt, at the same time, and upon the same contract."

To apply this doctrine to the case in hand, nothing can be plainer than that the promise relied on by the plaintiff not having been made to him, and he being no party to the contract or the consideration, but the contract, on the contrary, having been made for the benefit and relief of the Danville, Hazleton & Wilkes-Barre Railroad Company, the other contracting party, alone, and it being the party beneficially as well as nominally interested in the performance, and who furnished the whole consideration, no privity of any kind exists between the plaintiff and the defendant.

The present plaintiff has therefore no part nor lot in this contract and can maintain no action thereon.

The lessors have a beneficial interest in the contract made with the Pennsylvania Railroad Company upon which the present plaintiff has undertaken to bring a suit in his own name; for if the Pennsylvania Railroad Company has broken its promise, the obligation of payment still rests upon the Danville, Hazleton & Wilkes-Barre Railroad Company, and it may maintain an action against the defendant for the breach, and may recover unless the defendant has a defense thereto. If the defendant has such a defense, it is to be set up in an action to be brought by the Danville, Hazelton & Wilkes-Barre Railroad Company against it upon their agreement. It is not called upon to set it up in an action brought by a person who is a total stranger to the contract, who furnished no part of the consideration for it, and who, whatever indirect interest he might have in the transaction between the two companies, has no cause of

action against the defendants, but must look to his original debtor and the mortgage security for the only redress he is entitled to.

Judgment for the defendant on the demurrer.

*Error assigned* was entry of judgment as above.

*George P. Rich, Henry C. Boyer* with him, for appellant.—
Where one railroad company leases the property of another, the lessee road becomes the bailiff or agent of the lessor road, to hold the possession for it, and succeeds to all its charter rights and is subject to all its charter duties : Penna. R. R. v. Sly, 65 Pa. 205.

The property of a corporation is held in trust by its directors and officers for the payment of its creditors : Upton v. Tribilcock, 91 U. S. 45 ; Sanger v. Upton, 91 U. S. 56 ; Sawyer v. Hoag, 17 Wall. 610 ; Lane's App., 105 Pa. 49 ; Warner v. Hopkins, 111 Pa. 328 ; Taylor on Corporations, sec. 654.

It has been held by the Supreme Court of the United States that a railroad company in debt cannot transfer its entire property by lease so as to prevent the application of it at its value to the satisfaction of its debts ; and when such a transfer is made a court of equity may decree the payment of the debts of the lessor by the lessee : Chicago etc. R. R. v. Chicago Bank, 134 U. S. 276 ; Pittsburg etc. R. R. v. Keokuk Bridge Co., 131 U. S. 371.

The contract of the Pennsylvania Railroad Company was to deliver the income realized from the property of the Danville, Hazleton and Wilkes-Barre Railroad, when and as received by it, to the holders of the coupons, as the nominee of the debtor. And the receipt of these holders for the money due on the coupons could alone discharge the Pennsylvania Railroad from its obligation.

Where the promisor has money or property of the debtor placed in his hands for the purpose of paying the debtor's obligations to his creditors, or where in any other way an agency or trust arises which involves a duty on the part of the promisor to hand over the money or property to the creditor, the creditor may sue the promisor in his own name to enforce his compliance with his undertaking : Stoudt v. Hine, 45 Pa. 30 ; Townsend

v. Long, 77 Pa. 143; Justice v. Tallman, 86 Pa. 147; Delp v. The Brewing Co., 123 Pa. 42.

*David W. Sellers,* for appellee.—The bondholder must resort to the fund produced by sale on foreclosure.   The lessee whose interest was divested by the sale has no liability : Landis v. R. R., 133 Pa. 580.

PER CURIAM, January 20, 1896 :
All that need be said in vindication of the judgment for defendant on the demurrer will be found in the clear and convincing opinion of the learned president of the common pleas, and on it we affirm the judgment.
Judgment affirmed.