## Hoffa *v.* Hoffa, Appellant.

*Contract—Agreement with one person to pay money to another—Declarations against interest.*

1. If one pay money to another for the use of a third person, or having money belonging to another, agree with the other to pay it, to a third, action lies by the person beneficially interested.  But where the contract is for the benefit of the contracting party, and the third person is a stranger to the contract and consideration, the action must be by the promisee.

2. One brother conveyed to another a farm for the consideration of $1.00 named in the deed.  The farm was in fact worth $3,000.  At the time of the acknowledgment before a justice of the peace, the grantee said, "That other paper we will make, too, before long."  Subsequently the grantee stated to four different persons on as many different occasions that he had agreed with his brother when he received the farm to pay to another brother and sister $1,000 each.  *Held,* (1) that the brother and sister could maintain a suit against the grantee's administrator for the money which the grantee had promised his brother to pay them; (2) that the declarations of the grantee were admissible to establish the grantee's obligation to pay the money; and (3) that the case was for the jury, and that a verdict and judgment for plaintiff should be sustained.

Argued Oct. 27, 1908.  Appeal, No. 36, Oct. T., 1908, by defendant from judgment of C. P. Lebanon Co., June T., 1905, No. 173, on verdict for plaintiff in case of John Hoffa v. Morris

Hoffa, Administrator of the Estate of William Hoffa, deceased. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ.  Affirmed.

Assumpsit on a promise made by the defendant's intestate to another to pay money to the plaintiff.  Before EHRGOOD, P. J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $1,135.  Defendant appealed.

*Error assigned*, amongst others was in refusing binding instructions for defendant.

It is laid down as a rudimentary principle, that a party may sue on a promise made, on sufficient consideration, for his use and benefit, though it be made to another and not to himself, but the courts have confined the exceptions to the general rule, that no one can sue on a contract to which he is not a party, to "cases in which the third person, although not a party to the contract, may be fairly said to be a party to the consideration on which it rests;" as where the promise to pay the debt of a third person rests upon the fact that money or property is placed in the hands of the promisor for that particular purpose: Adams v. Kuehn, 119 Pa. 76; Delp v. Brewing Co., 123 Pa. 42; Hostetter v. Hollinger, 117 Pa. 606; Kountz v. Holthouse, 85 Pa. 235; Guthrie v. Kerr, 85 Pa. 303; Blymire v. Boistle, 6 Watts, 182; Torrens v. Campbell, 74 Pa. 470; Freeman v. Penna. R. R. Co., 173 Pa. 274; Mississippi Cent. R. R. Co. v. Southern R. R. Assn., 8 Phila. 107; Brown v. German-American Title & Trust Co., 174 Pa. 443.

Claims against the estates of decedents, resting on mere oral testimony, of declarations and admissions of the deceased are very dangerous, and not to be favored by the courts: Pollock v. Ray, 85 Pa. 428; Romig's App., 84 Pa. 235; Seybert's Est., 5 Pa. C. C. Rep. 35; Harbold v. Kuntz, 16 Pa. 210; McCarty v. Scanlon, 187 Pa. 495.

*B. Morris Strauss*, with him *A. Frank Seltzer*, for appellee.— The preponderance of American authority is to the effect that a third person may enforce a contract made by others for his benefit, if it is manifest, from the nature or terms of the contract, that the parties intended to treat him as the person primarily interested: Merriman v. Moore, 90 Pa. 78; Beers v. Robinson, 9 Pa. 229; Blymire v. Boistle, 6 Watts, 182; Moran v. Munhall, 204 Pa. 242; Wilson v. Pearl, 12 Pa. Superior Ct. 66.

That the admissions of William Hoffa to William Strauss, Henry Miller, Jonathan Borry and Henry E. Stoudt were competent evidence, is borne out by the universal practice and the decisions of the courts: Shirley v. Shirley, 59 Pa. 267; Wolf v. Studebaker, 65 Pa. 459; Munger v. Silsbee, 64 Pa. 454; Porter v. Nelson, 121 Pa. 628; Johnston v. McCain, 145 Pa. 531; Gordner v. Heffley, 49 Pa. 163; Cutbush v. Gilbert, 4 S. & R. 551; Nauman's App., 116 Pa. 505; Eldred v. Hazlett, 33 Pa. 307; McGill v. Ash, 7 Pa. 397; Galbraith v. Green, 13 S. & R. 85.

OPINION BY BEAVER, J., February 26, 1909:

Mark Hoffa conveyed to his brother William a farm containing over 100 acres, for the consideration therein named of $1.00. This farm was shown on the trial in the court below, in various ways, to have been worth $3,000 or over, and it appeared from the testimony that that amount, or a sum approximating it, was realized during the lifetime of the brother, to whom it was conveyed, and by his heirs since his death. At the time the deed was executed and delivered it was said in the presence of the justice of the peace who took the acknowledgment: "That other paper we will make, too, before long." Subsequently the grantee in this deed, on several occasions, to different persons communicated the fact variously stated by the witnesses that,

notwithstanding the fact that the consideration mentioned in the deed from his brother to him was $1.00, he was to pay to a brother and sister, the former of whom is the plaintiff in this case, the sum of $1,000 each.

The defendant asked for binding instructions and subsequently moved for judgment n. o. v., both of which were denied. The point and motion were based upon certain propositions which are raised by the plaintiff's points which were affirmed, and those of the defendant which were denied, and exceptions to certain parts of the charge, the same being embraced in fifteen distinct assignments of error. These were, first, that the plaintiff, being a stranger to the alleged contract between his brothers, Mark Hoffa and William Hoffa, cannot recover in this suit; second, that the alleged contract between Mark Hoffa and William Hoffa not having been signed by William, there can be no recovery in this case; third, that: "There being no direct proof of a contract between John Hoffa, the plaintiff, and William Hoffa, and nothing more than alleged declarations made by William Hoffa to strangers, in the absence of the plaintiff, the plaintiff cannot recover," and, fourth, that: "The declarations alleged to have been made by William Hoffa, as proved in this case, are too vague, indefinite and uncertain to sustain a recovery in this suit."

As to the plaintiff's right of recovery. In Blymire v. Boistle, 6 Watts, 182, regarded as a leading case upon this subject, it was said by Mr. Justice SERGEANT: "Numerous cases are to be found in the books respecting the right of a third person to sue on a promise made to another, and they are not all reconcilable with each other. See 1 Vin. Abr. 333–337, and the note to Pigot v. Thompson, 3 B. & P. 147. They seem, however, to warrant this distinction, that, if one pay money to another for the use of a third person, or having money belonging to another, agree with that other to pay it to a third, action lies by the person beneficially interested. But where the contract is for the benefit of the contracting party, and the third person is a stranger to the contract and consideration, the action must be by the promisee."

This distinction has been maintained in the later cases. In

Adams v. Kuehn, 119 Pa. 76, Mr. Justice WILLIAMS, who delivered the opinion, referring to Blymire v. Boistle, supra, said: "Where one person enters into a contract with another to pay money to a third, or to deliver some valuable thing, and such third party is the only party interested in the payment or the delivery, he can release the promisor from performance or compel performance by suit. If, on the other hand, a debt already exists from one person to another, a promise by a third person to pay such debt is for the benefit of the original debtor to whom it is made, and can only be released or enforced by him. If it could also be enforced by the original creditor, the promisor would be liable to two actions for the same debt at the same time and upon the same contract. Among the exceptions, are cases where the promise to pay the debt of a third person rests upon the fact that money or property is placed in the hands of the promisor for that particular purpose. Also where one buys out the stock of a tradesman and undertakes to take the place, fill the contracts and pay the debts of his vendor. These cases as well as the case of one who receives money or property on the promise to pay or deliver to a third person (as is the case here) are cases in which the third person, although not a party to the contract, may be fairly said to be a party to the consideration on which it rests. In good conscience the title to the money or thing which is the consideration of the promise passes to the beneficiary, and the promisor is turned in effect into a trustee. But when the promise is made to, and in relief of one to whom the promise is made, upon a consideration moving from him, no particular fund or means of payment being placed in the hands of the promisor out of which the payment is to be made, there is no trust arising in the promisor and no title passing to the third person. The beneficiary is not the original creditor who is a stranger to the contract and the consideration, but the original debtor who is a party to both and the right of action is in him alone."

In Freeman v. R. R. Co., 173 Pa. 274, a case tried by Judge THAYER, this distinction is clearly maintained and the Supreme Court, on appeal, affirmed the judgment of the court below in a per curiam opinion.

In this case the plaintiff, although not a party to the contract, is directly interested in the consideration and has, therefore, the right to maintain the suit, if the testimony shows a liability on the part of the defendant's decedent.

In the late case of Moran v. Munhall, 204 Pa. 242, a case which was twice argued in the Supreme Court and seems to have been thoroughly considered, the facts, as stated by Mr. Justice Dean, taken from the opinion of the trial judge in the court below, are as follows: "Patrick Moran was the owner of a lot of ground in the city of Pittsburg, having thereon erected a brick dwelling house. This property he conveyed on September 21, 1896, to Michael Munhall for the consideration of $10,100. This consideration was made up as follows: mortgage to the Pennsylvania Company $8,000; note of Moran held by Munhall $1,500; note given same day by Munhall to Moran $600. The title taken by Munhall remained in him until August 1, 1899, when he sold and conveyed the property to Stolzenbach for the consideration of $16,000. Up until that date Moran remained in possession without paying rent, but paying the taxes and keeping up repairs, paid insurance and for improvements, the whole amounting to $1,252.97. At the time the deed was delivered, it was agreed orally between Moran and Munhall that the property should be sold as soon as possible; that both would use their best efforts to make a sale and any surplus remaining after Munhall was paid in full should be paid to Moran. After the sale was made to Stolzenbach, Munhall sent to Moran $500, but refused to make any further payment. Deducting this from the amount of Stolzenbach's purchase money, left a balance of surplus in Munhall's hands of $3,923.84. This amount Moran claims as still payable to him, under his oral agreement, and he brought this action of assumpsit." He recovered in the court below the judgment, which was affirmed in the Supreme Court.

In that case as in this the agreement to pay more than the consideration named in the deed was in parol. There, it is true, the party to the contract was also the party beneficially interested and brought the suit. Here, however, the party interested in the consideration brings the suit and is entitled to

recover, if the contract for the payment of a sum greater than the amount mentioned in the deed is established.

As to the point that there was no direct proof of the contract between the brothers who were parties to the deed and that the same depended entirely upon the declarations of William Hoffa, the defendant's decedent, we are of opinion that the latter were not only competent evidence but that they sufficiently established the obligation of William Hoffa to pay to the plaintiff and to his sister the sum of $1,000 each. Such an admission was made to at least four different witnesses. They do not agree, it is true, as to the exact language used by William Hoffa, but as to the fact there can be no doubt, if the witnesses are believed. Indeed, the fact that the language used was different on the several occasions, when William Hoffa communicated with the several witnesses, and that their testimony does not agree as to the particular language used is rather in favor of, than against, the truthfulness of their testimony.

In Galbraith et al. v. Green et ux., 13 S. & R. 85, Mr. Chief Justice TILGHMAN says (p. 92): "What a man says against his own interest may be safely believed; but it is not safe to credit him, where he is advocating his interest. Upon this principle the rule of evidence is founded—a man's confession against himself, is evidence—but his declarations, in favor of his own interest, are not evidence."

In McGill v. Ash, 7 Pa. 397, Mr. Justice COULTER, who delivered the opinion, says: "I do not know any higher, or more reliable evidence of a fact, than the admissions or declarations of a party who is to be prejudiced, freely and voluntarily made. It is of no consequence whatever, that these admissions and declarations were made after the fact. That only gives them more point and potency."

The value of such testimony has been so many times referred to and the rule is so firmly established that it is rather surprising that the question should be raised at this late day. The declarations of William Hoffa were undoubtedly competent evidence and were sufficient, if believed by the jury, to charge him, if living, and his estate, when dead, with the amounts admitted by him to be payable to the plaintiff and his sister, as a

part of the consideration of the deed made by his brother, in which the expressed consideration was merely nominal. A careful examination of the testimony shows that William Hoffa, on at least four different occasions, to as many different witnesses, admitted his obligation to pay to the plaintiff and to his sister $1,000 each. To one he said: "I got the farm. Mark gave me the farm over at Jonestown, but I must give my sister $1,000 and brother John $1,000, but I can have the use of the farm as long as I want." Another witness said: "He told me he got a farm from his brother Mark, and he could have the use of the farm, but he was to pay each to John Hoffa, his brother, and to Luzetta Miller, his sister, $1,000." To another witness he said: "I got a farm, do you know it? I said 'Yes.' Do you know how? I said, 'No.' I must pay $2,000 out—$1,000 to my brother John and $1,000 to my sister Miller in Pottsville." To another witness, who went to William Hoffa for the purpose of purchasing the farm, the witness said: "Well, I went down to buy the farm and, when I got there, he told me he would not take less than so much. Q. How much? A. $3,000. That he got the farm conditionally; or bought it conditionally, rather; that he was to pay two-thirds of the proceeds of the farm out, and he had to give $1,000 to a brother or sister, I don't know which, because I was a stranger to these people, but he said he had to give two-thirds of the proceeds of this farm to a brother or sister, or two brothers or two sisters." It came out in cross-examination that the conversation was held in German and that the language was: "I promised to pay each of my kschwishter two-thirds of the proceeds." The word "kschwishter," as interpreted, being applicable to either brother or sister, or both.

The facts connected with the execution and delivery of the deed and of all that followed were carefully referred to in the charge of the court to the jury and, in submitting the case, the court said: "Consider the testimony in the case carefully, and I say again if you find that there was such a contract you may find in favor of the plaintiff. If you find that there was not such a contract, then you find in favor of the defendant."

The question was undoubtedly for the jury. We see no error in the manner in which it was submitted.

We have not considered the assignments of error seriatim, but what has been said covers the points which have been raised and discussed by the appellant and meets the substance of alleged error, as contained in all of the assignments. We find no merit in any of them and they are, therefore, all overruled.

Judgment affirmed.