## Depuy *v.* Loomis, Appellant.

*Contracts—Contracts for the benefit of third persons—Action by third person.*

One who is not a party to a contract may sometimes maintain an action upon it in his own name, where he is the only one who is beneficially interested in its performance, and where the party with whom it was actually made has ceased to have any real interest in it.

*Bailments—Bailment lease substitution of third party for bailee.*

Where a bailment lease provides that if default is made by the bailee a third person named shall have the right to comply with the terms of the agreement, upon notice from the bailor, and such default occurs, the interest of the bailee in the property ceases, and the third person may bring an action on the contract for the bailor's breach.

In such case any amounts which the bailor was compelled to pay on account of the indebtedness of the bailee in order to preserve the title in his property, are properly charged against the third party who seeks to take the place of the bailee.

Argued March 1, 1920. Appeal, No. 12, March T., 1919, by defendant, from judgment of C. P. Lackawanna County, June T., 1913, No. 382, on verdict for plaintiff in case of H. A. Depuy *v.* F. M. Loomis. Before PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Reversed.

Assumpsit for breach of contract. Before O'NEILL, J.

The facts are stated in the opinion of the Superior Court.

Verdict for plaintiff for $400 and judgment thereon. Defendant appealed.

At the trial the plaintiff made the following offer:

Mr. Mumford: We propose to show by the witness on the stand that he acted as attorney for Benton Coleman the landlord, from whom E. W. Finn rented the premises in which the goods and chattels mentioned in the bailment lease in suit were located; that after a distraint had been made on the premises by Constable Bartlett, that the amount of rent in arrears, that is to say the amount distrained for, plus the constable's costs were paid to the witness as attorney for Benton Coleman, the landlord, by C. S. Woodruff on behalf of F. M. Loomis the defendant here.

Mr. Rymer: I object to that as incompetent and immaterial.

The Court: What is the purpose of the offer, Mr. Mumford?

Mr. Mumford: The purpose is to show that there was a lien on this property of $485, plus the costs, and that we paid it, and that if Mr. Depuy had taken over the goods he would have been compelled to pay the balance due on our bailment lease. And that the total amount of these two, if Depuy is entitled to anything at all, should be deducted from the fair market value of the goods and chattels, as if he had taken over the same.

Mr. Rymer: I object to the offer.

The Court: The objection is sustained. An exception noted for the defendant.

*Errors assigned* were various rulings on evidence (20) as above quoting them, and refusal of defendant's motion for judgment non obstante veredicto.

*H. W. Mumford,* and with him *C. S. Woodruff,* for appellant.—The plaintiff could not have maintained a suit on a contract to which he was not a party: Cooper v. Walthers, 44 Pa. Superior Ct. 298; Freeman v. Pennsylvania R. R., 173 Pa. 274; Adams v. Kuehn, 119 Pa. 76; Church v. Isenberg, 246 Pa. 221.

The defendant should have been allowed to show the amount which he was compelled to pay to preserve his title to the property and which was a charge against the original bailee.

*C. B. Little,* and with him *R. W. Rymer,* for appellee. —To the general rule that no one can sue on a contract to which he was not a party, an exception exists in favor of persons who, though not formally parties to the contract, may yet be regarded as parties to the consideration on which the undertaking rests: Adams v. Kuehn, 119 Pa. 76; Blymire v. Boistle, 6 Watts 182; Freeman v. R. R. Co., 173 Pa. 274.

OPINION BY TREXLER, J., July 14, 1920:

On June 21, 1910, Loomis, the defendant, entered into a written lease for certain personal property to one Finn. The lease contained the following clause, "In case said Finn should fail to pay in accordance with the terms above, it is hereby agreed that Harry Depuy shall have the right to comply with the terms of the agreement between the parties, hereto, and to have personal notice of said default and ten days' grace, and thereupon to receive a bill of sale of said goods, and the said Finn hereby waives all claims whatever to said goods." Finn defaulted and Loomis repossessed himself of the goods without giving Depuy the notice provided for in the agreement of lease. The present suit was brought by Depuy to recover damages for the breach of the agreement arising out of the failure to give him notice. Appellant argues that Depuy not being a party to the contract cannot sue on it. When the bailment lease was

made there were present, Woodruff, the authorized attorney of Loomis, Depuy and Finn. The engagement of Loomis was that he would give Depuy notice and unless there is a rule of law which prevents us from holding him liable to his contract we should of course keep him to it. The old rule set down in Blymire v. Boistle, 6 Watts 182, is "That he to whom the promise is made must bring the action." In the opinion in that case we find that the court reasons thus: "Where one person contracts with another to pay money to a third, or to deliver some valuable thing, and such third person is thus the only party in interest, he ought to possess the right to release the demand or recover it by action. But when a debt already exists from one person to another, a promise by a third person to pay such debt, being for the benefit of the original debtor, and to relieve him from the payment of it, he ought to have a right of action against the promisor for his own indemnity; and if the promisor were also liable to the original creditor, he would be subject to two separate actions at the same time, for the same debt, which would be inconvenient, and might lead to injustice." In the case before us the entire beneficial interest in the contract after Finn defaulted passed to Depuy. The right of action for its breach no longer resided in Finn. His interest had ceased by reason of his default and therefore Loomis was in no danger of being sued twice. Certainly Depuy's release would discharge Loomis of the promise made under the contract. Thus in the case of Freeman v. R. R. Co., 173 Pa. 274, although it was there held that the plaintiff had no right of action, it is stated in the opinion that one, "Not a party to a contract may sometimes maintain an action upon it in his own name, where he is the only one who is beneficially interested in its performance, and where the party with whom it was actually made has ceased to have any real interest in it."

The title of the goods of course remained in Loomis. Finn had possession of them under the bailment lease.

They were levied upon by Finn's landlord and Loomis was required to pay the rent due and costs in order to preserve his ownership. He endeavored at the trial to show the amount thus paid claiming that this should be deducted from the amount of damages due if any, to the plaintiff. The court refused to hear the testimony. In this we all think there was error. The right of Depuy to take the place of Finn under the lease gave Depuy no greater right than Finn had except that he was to have ten days after default. We think it is plain the failure of Finn to pay the rent of the premises in which the chattels mentioned in the lease were contained placed upon Loomis the necessity of paying the rent for him and thus gave the lessor an additional claim against Finn which put Loomis in a position of demanding the amount so paid by him before he could be compelled to pass the title for the goods to Finn under the clause of the lease which provided for the purchase of the same. The lower court took the position that if Loomis paid the rent that was due he was paying what was due upon his own property. This payment however was a payment of something Finn was obligated to pay, and there was but one of two ways open to Loomis; either to pay the rent or to allow the property to be sold. This situation was forced upon Loomis and he had the undoubted right in order to preserve his title to the property to pay the rent and charge it against Finn. We are therefore compelled to sustain this assignment.

There was testimony submitted to show that certain coal which Depuy sold to Finn and Finn in turn sold to Loomis was not removed by Loomis and the cost to Depuy of removing the same was claimed as part of plaintiff's damages. This was not an item of damage under the lease. It may have furnished a separate cause of action. It was not set forth in plaintiff's statement, and it was error to admit it.

Plaintiff's loss was the value of the goods covered by the bailment and of which defendant repossessed him-

self without giving notice to plaintiff, less the amount still owing by Finn on the lease.   From this amount the rent paid by Loomis to Finn's landlord was, as stated above, deductible.   It was competent for Loomis to show that amounts claimed by Finn as paid on the lease, were not so designated by Finn and that they were applied to other indebtedness of Finn to Loomis.

The judgment is reversed with a new venire.