## Estate of Sarah E. Chapman.

*Decedent's estate—Distribution—Right to except—Promise to make a will.*

C., the decedent, executed a writing under seal reciting that W. had bequeathed her in his last will a sum of money, and declaring that in case he died before her she would bequeath her money to B., W's nephew. It did not appear that the bequest in W's will was made pursuant to any contract with C. or was procured by her agency or persuasion or by any promise on her part to leave the sum obtained from him, or her entire estate, to B. *Held:* that the writing amounted to nothing more than a declaration by C. of her intention to make a will which was revocable at her pleasure.

*Held:* also, that as C. had made no agreement with B. relative to the distribution of her estate the latter had no standing to contest the distribution. He had no direct right of action based upon the paper because it did not appear that C. had received the bequest from W. because of it, or by virtue of any promise on her part that it was to be paid to B. or held for his use or benefit.

Argued November 9, 1925. Appeal No. 213, October T., 1925, by Frank E. Byerly, from the decree of the Orphans' Court of Lancaster County, January T., 1923, No. 1, in the Estate of Sarah E. Chapman. Before PORTER, HENDERSON, TREXLER, KELLER, LINN and GAWTHROP, JJ. Dismissed.

Exceptions to auditor's account. Before SMITH, P. J.

The facts are stated in the opinion of the Superior Court.

The court dismissed the exceptions. Exceptant appealed.

*Error assigned* was the order of the court.

*George W. Harkins, Jr.,* and with him *I. C. Arnold,* for appellant.

*Willis G. Kendig,* for appellee.

OPINION BY KELLER, J., February 26, 1926:

This appeal from the Orphans' Court of Lancaster County questions an award to a creditor of the decedent. We need not consider the merits of the claim, for we are all of opinion that the appellant, Frank E. Byerly, has no standing to contest it.

Appellant was not a creditor of Mrs. Chapman nor a legatee under her will. He had performed no services for her entitling him to compensation from her estate. His alleged interest in her estate was based on the following paper executed by Mrs. Chapman and delivered to one Don J. Wallings:

"To Whom It May Concern

I Sarah E. Chapman of the Borough of Clifton Height Penna.

In and on account of Don J. Wallings of the same place, who has left and bequeathed to me, in his Last Will, a certain amount of money. If he the said Don J. Wallings passes away by death before me—I will then give and bequeath all the money, I have in my last will to his Nephew Frank E. Byerly of Philadelphia, Penna. who has been kind to me.

Sarah E. Chapman (Seal)"

This paper did not amount to a contract between Wallings and Mrs. Chapman. Neither could compel

the other to do anything pursuant to it. Wallings did not bind himself to leave any money by will to Mrs. Chapman; he could have made a new will containing no provision for her the next day, and she would have had no legal ground for complaint. The bequest to her in his will made prior to this paper was not procured by her agency or persuasion or by any promise on her part to leave the sum obtained from him, or her entire estate, to Byerly. The execution of the paper did not prevent Mrs. Chapman from making a will contrary to its provisions if she saw fit to do so. It amounted to nothing more than a declaration of her intention to make a will, which was revocable at her pleasure. Her hands could not be tied, as respects the making of her will, by an indefinite unilateral writing of this character, though under seal.

But Byerly, certainly, is in no position to make claim under it because Mrs. Chapman did not leave him her estate by her will. He was not a party to the paper nor present at its execution; no agreement whatever was made by Mrs. Chapman with him relative to the disposition of her estate. The rule—or rather exception to the general rule—that a third person, not a party to a contract, has a direct right of action upon it against the promisor, where the latter receives money or property on the promise made by him to pay or deliver the same to such third person—(See Howes v. Scott, 224 Pa. 7; Hoffa v. Hoffa, 38 Pa. Superior Ct. 356; Enders v. Enders, 164 Pa. 266; Edmundson's Est., 259 Pa. 429 and similar cases), has no application here because, as has already been pointed out, it does not appear that any money or property was received by Mrs. Chapman from Wallings because of the paper or by virtue of any promise on her part that it was to be paid to Byerly or held for his use or benefit. All the cases cited by appellant are easily distinguishable from this one.

The appeal is dismissed at the costs of the appellant.