# Frailey Township School District v. Wetzel et al.

*J. G. Seesholtz* and *Kilker & Kilker*, for plaintiff.

*R. M. Bashore*, for defendants.

HICKS, P. J., February 23, 1937.—

## Statement of the pleadings

On October 6, 1936, plaintiff school district filed its bill in equity for an injunction against the membership of the board of road supervisors of the township and the secretary of the board. It is averred in the bill that defendants, their agents and employes, are constructing a 13-foot wall on plaintiff's property which, if completed, will divide the athletic field of the school district from the bleachers, will obstruct the passageway of the school children going to and from the school building, and make a dangerous and unsafe place for the said school children; that the erection or construction of the wall will necessitate the removal of the grandstand by plaintiff from the site where it is now located to another location at a great expense; and that defendants are placing huge boulders, rock, sand, and dirt on said property of plain-

tiff, rendering the same unfit for athletic purposes and causing irreparable damage. The prayer is, inter alia, for an injunction to issue, restraining defendants, their agents and employes, and each of them, from constructing a wall over plaintiff's property, or from interfering in any manner with plaintiff's property.

An answer was filed in which defendants aver that they are merely the sponsors of the project which is being directed, constructed and supervised by the Works Progress Administration, a governmental unit of the United States of America.

A preliminary injunction having been granted, a hearing was thereon held and continued. The parties agreed that the testimony which was taken should be considered as taken on final hearing.

### Issues

Has the Court of Common Pleas of Schuylkill County jurisdiction to issue an injunction against the board of road supervisors and its secretary, defendants herein, restraining them from assisting in, and coöperating with, the Works Progress Administration in the construction of a wall on plaintiff's property, which was initiated by defendants, and from interfering in any manner with plaintiff's property?

From the pleadings filed and the testimony taken, we make the following

### Findings of fact

1. Frailey Township School District is a school district within the County of Schuylkill, Pa.

2. Defendants Fred Wetzel, John Hoverocker, and Milton Morgan are the supervisors of Frailey Township and James Opie is the secretary of the board of supervisors.

3. In Donaldson, the school district has erected and maintains a school building and playground, the latter being 30 feet by 145 feet with an iron fence surrounding it.

4. In the rear of the enclosed playground and immediately adjoining it, is a baseball and football field used by the school district. This athletic field has been used by the school district for more than 30 years, and eight years ago the board of directors constructed bleachers thereon, of steel framework, with wooden seats, on concrete piers.

5. Under date of January 10, 1936, defendants, as the Board of Road Supervisors of Frailey Township, presented to and executed with the Works Progress Administration a project proposal to provide additional playground space at the school playground in Donaldson, including the removal of the present grandstand of the school district.

6. Of the estimated project cost, the board of supervisors, defendants, were to pay for materials and supplies, equipment rentals, and other direct costs, $1,476.50, and the Works Progress Administration, out of Federal funds, $8,845.40.

7. Although the board of school directors of the plaintiff district refused to approve the project upon request of defendants and the Works Progress Administration, defendants, in the project proposal, represented that plaintiff's recommendation was unnecessary.

8. Defendants would not have proceeded with this work without the additional financial assistance provided in the project.

9. If the amount of $8,845.40 provided through Federal funds would not complete the project, defendants, as board of supervisors, assumed responsibility for its completion.

10. The Works Progress Administration is under no obligation to complete the project. It does not cover work for which local funds are currently appropriated, or work generally included in the normal governmental operations of the township road supervisors, or work generally included in the normal governmental operations of the

supervisors, nor will it result in the displacement of regular employes of theirs.

11. Prior to and at the time of the presentation of the bill in this case, the enlargement of the school playground was so proceeded with, against the disapproval and will of plaintiff school district, that a stone wall 13 feet high and 2½ to 3 feet thick was being built at the southeast corner of the present school wall.

12. This wall will cut off the bleachers or grandstand from the school playing field and necessitate its removal closer to the playing field, narrowing it.

13. The erection of the wall will compel the school children to go around a square to get to the athletic field, make it more dangerous to the school children and cause plaintiff to expend funds of the taxpayers to put the athletic field in proper shape for use again.

14. The removal of the bleachers, constructed as they are, will damage them greatly and require the expenditure of funds for repairs which are not provided for by defendants or through Federal funds.

15. Defendants are solely responsible for the beginning and carrying on of the work upon plaintiff's property, to which it has expressly dissented prior to the beginning of the work.

16. Defendants not only agreed to purchase and provide certain materials, supplies, and equipment in the carrying on of the work but, by resolution adopted, authorized the secretary, one of defendants, to arrange for the same.

17. According to the supervisors Morgan and Hoverocker, defendants are supervising the work and, with the assistance of the Works Progress Administration, are doing the work.

18. The responsibility for the execution and supervision of the project is with the supervisor of operations of the Works Progress Administration and the employes are under his supervision.

19. As far as the direction of the project is concerned, defendants have nothing to do with it at the present moment but are required to supply the materials and to cooperate with the Works Progress Administration supervisor as the latter directs the job, and their failure to do so is enough for the Works Progress Administration to suspend the job and close it down.

20. The Works Progress Administration is on this job because of defendants, contrary to the will of plaintiff.

21. The work would cease if defendants did not cooperate with the Works Progress Administration and provide the materials, supplies, and equipment which they promised.

22. Defendants are doing the work in coöperation with the Works Progress Administration.

23. Defendants have and are interfering with the property of plaintiff.

### Discussion

No findings of fact or conclusions of law were suggested by either party to the chancellor. It is true that in the written brief of defendants and included within the argument we find suggestions for findings of fact and conclusions of law. Because of the informality and their incorporation within defendants' brief and as part thereof we cannot direct them to be filed.

It is not denied that the entrance upon the playground and athletic field of plaintiff school district and beginning thereon the erection of a stone wall with the avowed purpose of enlarging the school playground against the will of plaintiff was a continuing trespass. The taking and holding possession of the playground was without a claim or right in law or equity. Defendants' answer to this unwarranted action is that they have not trespassed but that a Federal agency has, at their instigation as sponsors of a works project. They contend that the Works Progress Administration is the trespasser and being a Federal agency is beyond the jurisdiction of the State courts, citing United States v. Owlett et al., 15 F. Supp. 736. It

is enough to say that the jurisdiction of this court over the Works Progress Administration is not involved, as it is not a party and will not be subject to any decree entered herein.

Contrary to the express dissent of the board of school directors, defendants procured the consent of the Works Progress Administration to assist in the enlarging of plaintiff's playground by the contribution of Federal funds, defendants agreeing to contribute labor, equipment, and supplies toward the doing of the work and cooperating with the Works Progress Administration. Defendants agreed that the supervision of the work should be under the control of the Works Progress Administration. In pursuance of this arrangement, possession of plaintiff's property was taken and the work begun. In other words, through the arrangement of and the instigation by defendants, the Works Progress Administration undertook to do some work for them and at their instance actually took possession of plaintiff's property in the face of its express opposition. Defendants now say they are not trespassers or responsible for the trespass and since the Works Progress Administration is a Federal organization, even though plaintiff's rights have been invaded, it is without a remedy in the State courts.

It cannot be denied that defendants are responsible for the trespass. They procured the entrance upon plaintiff's property by the Works Progress Administration in order to do some work for them. Without their instigation and procural the trespass would not have taken place, and they are continuing it through financial aid contributed and labor, supplies, and equipment furnished to the work. It is of no consequence that the Works Progress Administration is doing and supervising the work. It is being done for them, at their instigation, through their assistance and coöperation, without which the trespass would never have been begun and would not continue. They are therefore responsible for it.

It may be laid down as a general rule that whoever commits or causes another to commit an act of trespass is liable therefor. In trespass all are liable as principals who participate in the wrongful act, either by aiding in, or advising, or assenting to it, the act of one being regarded as the act of all. Any person who aids, abets, encourages, or authorizes another in the commission of a trespass is liable equally with him who commits it: 26 R. C. L. 960, 961, secs. 38, 39. And defendant need not be personally present to be liable: 63 C. J. 931, 932, sec. 68; Humes, Executrix, v. Kramer, 286 Pa. 251, 253; Shane v. Gulf Refining Co. et al., 114 Pa. Superior Ct. 87, 93.

In the last-cited case, it is held, page 93, that:

"It is a well established rule that he who encourages, incites and induces another to commit a trespass or indemnifies him for doing it is equally liable with him who directly commits the act: McGill v. Ash, 7 Pa. 397; Welsh v. Cooper, 8 Pa. 217; Deal v. Bogue, 20 Pa. 228; McMurtrie v. Stewart, 21 Pa. 322".

It is true that the school district does not own the title to the athletic field or playground but it has been, and is now, in uninterrupted possession of it for the past 30 years. Possession has by law a qualified property attached to it, which is valid until a better right can be shown; and one who is in actual possession of land may, therefore, maintain trespass quare clausum fregit against a mere intruder: Bolinger v. Barnhardt, 64 Pa. Superior Ct. 243, 250. There is no doubt equity has power to grant a restraining order preventing actual or threatened trespasses of a continuing and permanent nature: Tri-Cities Water Co. v. Monessen, 313 Pa. 83, 85.

### Conclusions of law

1. The intrusion of the Works Progress Administration upon the athletic field of plaintiff, taking possession of it, and interfering with the rights of the school district therein, are trespassers.

614

2. Defendants encouraged the trespass, procured it to be done, and aided, abetted, assisted, and encouraged the trespassers, and are legally responsible therefor.

3. Equity has jurisdiction to restrain defendants from continuing therein.

### Decree nisi

And now, February 23, 1937, upon consideration of the foregoing case by the chancellor, it is ordered, adjudged, and decreed, nisi, as follows:

1. Defendants, Fred Wetzel, John Hoverocker, Milton Morgan, members of the Board of Road Supervisors of Frailey Township, and James Opie, secretary of the board, their agents and employes, and each of them, are hereby perpetually restrained from entering and constructing a wall upon the athletic field and playground of the School District of Frailey Township in the Village of Donaldson or from interfering in any manner with the said property of the school district.

2. Defendants are directed to pay the costs.

From G. Harold Watkins, Frackville.