RALPH V. FRANK *vs.* ETHELYNE G. FRANK.

Berkshire. September 24, 1959. — December 17, 1959.

Present: WILKINS, C.J., WILLIAMS, COUNIHAN, WHITTEMORE, & CUTTER, JJ.

*Trust,* Resulting trust. *Gift. Husband and Wife,* Gift.

Upon findings in a suit in equity by a husband against his wife showing that he paid the entire consideration in an acquisition of the capital stock of an inn corporation and other property and had title thereto transferred to his wife, because he did not wish it in his own name, merely as a preliminary to formation of a new corporation to acquire title and operate the inn, a conclusion was proper that at the time of the transfers to the wife the husband had no intent to make her a gift of any beneficial interest in the property, and, whatever he might have intended to do upon the formation of such a corporation, where it appeared that it never was formed a final decree establishing his ownership of the property and ordering the wife to transfer it to him was proper.

BILL IN EQUITY, filed in the Superior Court on September 13, 1951.

Following the decision by this court reported in 335 Mass. 130, the suit was referred again to a master who had previously heard it. An interlocutory decree confirming the master's supplemental report with certain deletions and a final decree were entered by *Rome,* J. The defendant appealed from both decrees.

*John N. Alberti,* for the defendant.

*John H. Goewey,* (*Maurice B. Rosenfield* with him,) for the plaintiff.

COUNIHAN, J. The plaintiff in this bill in equity against his wife seeks to adjudicate his rights in capital stock of the

Cheshire Inn Corporation, which operated an inn in Cheshire originally called the Cheshire Inn and later the County Squire; in a mortgage on the real estate of the corporation and in the mortgage note; and in personal property and fixtures on the premises of the corporation. The bill also sought an adjudication of the plaintiff's rights in certain real estate in Adams and in certain government bonds, but these last two items are not now in dispute. This suit was here before. *Frank* v. *Frank*, 335 Mass. 130. The decree in favor of the plaintiff was reversed, the report of a master was set aside, and it was ordered that the suit stand for further proceedings in the Superior Court. In the opinion cited it is said at pages 136–137, "We are of opinion that in order to do justice this case ought to stand for further hearing, as the findings of the master do not afford an adequate basis for a decree and are in need of clarification in the light of the principles discussed . . . ."

Upon remand, the suit was referred to the same master. He heard it again on a transcript of the testimony offered at the earlier hearing without taking further testimony. Thereupon he filed a supplementary report in which his findings of subsidiary facts were substantially the same as those he found in the original report. These subsidiary findings are fully set out in *Frank* v. *Frank, supra,* and need not be repeated here except perhaps to emphasize that prior to the acquisition of the property now in question Frank and his wife entered into an oral agreement with one Landy, representing the Cheshire Inn Corporation, that a new corporation would be organized to take title to the property of the inn and operate its business. Landy was to have fifty per cent of the stock of the new corporation in return for the transfer to such corporation by him of the liquor and common victualler licenses which then were in his name. Frank and his wife were to divide the balance of the new stock in a manner not then determined. No such new corporation was ever organized.

The ultimate findings of the master in his supplemental report so far as here relevant are: "[T]he master finds . . .

that the plaintiff did not intend to make a gift, settlement, or advance to the defendant *as her sole property and for her sole benefit* of either the real estate mortgage or the chattel mortgage on the Cheshire Inn property, or the note or notes secured thereby, or of the certificates of capital stock of the Cheshire Inn Corporation . . . . Neither did he intend to make such a gift, settlement or advance to the defendant *as her sole property, and for her sole benefit,* of the personal property securing said chattel mortgage and purchased in the name of the defendant on foreclosure sale, nor of the equipment purchased with the plaintiff's money and placed on or installed in the County Squire, formerly the Cheshire Inn premises. The plaintiff looked forward to the formation of a corporation . . . which would own the County Squire premises and carry on the County Squire business. The various transfers to the defendant were steps preliminary to the formation of such corporation . . . of which . . . the plaintiff intended at the times of the respective transfers to make a gift to the defendant of an undetermined number of shares of stock, while the plaintiff retained an undetermined number of such shares. What would be the status of such property or business if, as actually happened, no such corporation was formed, was never definitely formulated in the plaintiff's mind, as he never anticipated such a happening" (emphasis supplied).

An interlocutory decree was entered confirming the master's supplemental report after the judge had deleted the words "as her sole property and for her sole benefit."

A final decree was thereupon entered which established the plaintiff's ownership of the property in dispute and ordered the defendant to transfer it to him. There was no error.

In view of what is hereinafter said as to grounds of our decision, we need not determine whether the judge erred in striking out the words "as her sole property and for her sole benefit" in the report of the master. They are not material in view of our conclusions.

The principles of law to be applied in determining whether

the defendant took title to the property involved in this litigation under circumstances whereby a beneficial interest would enure to the plaintiff by way of a resulting trust or whether the plaintiff made a gift of the property to his wife, the defendant, are fully and adequately set out in *Frank* v. *Frank,* 335 Mass. 130, at pages 135 and 136, with ample citation of authorities. We need not repeat them in detail.

All of the findings of the master make it plain that the plaintiff paid the entire consideration for the acquisition of the property. He did not take title in his own name for reasons peculiar to his occupation. The oral agreement with Landy on the one hand and the plaintiff and the defendant on the other was not for a beneficial acquisition of any of this property by any of them individually but was to establish a new corporation which would take title.

Intent at the time of the transfer of this property to the name of the defendant is decisive. While it is true that there is a presumption that ordinarily a gift to the wife was intended, it is rebuttable and the husband may establish that it was not intended at the time of the transfer that the wife should take a beneficial interest in the property by way of a gift. *Frank* v. *Frank,* 335 Mass. 130, 135. There is no doubt that if the husband proved no more than an intent to retain an undetermined beneficial interest in the property as distinct from a specific interest, no resulting trust would arise in his favor. *Frank* v. *Frank, supra,* at page 136.

It is plain from the findings of the master to which we have already referred that the plaintiff had no intent to make a gift of this property to his wife when the transfers were made. His intent as expressed by the agreement between him and his wife and Landy was to organize a corporation that would take title to it. The transfer to his wife was merely a temporary expedient or convenience to him until such time as the corporation should be formed. His expressed intent that the whole transaction should be for the benefit of himself and his family concerned only the situation when the corporation should be organized. It was not an expression of any present intention. No corporation was

ever organized to take over the properties so that whatever the plaintiff intended to do in the event a new corporation should be organized becomes immaterial.

The ultimate findings of the master in his supplemental report which is now before us clarify the situation existing when this suit was before us earlier and support the entry of the final decree which is the subject of this present appeal.

*Interlocutory decree affirmed.*
*Final decree affirmed with costs*
*of the appeal to the plaintiff.*