ALICE T. ENGLISH *vs.* CHARLES R. ENGLISH & another.

Suffolk.    November 12, 1917. — December 31, 1917.

Present: RUGG, C. J., DE COURCY, CROSBY, PIERCE, & CARROLL, JJ.

*Husband and Wife.   Agency.   Power of Attorney.   Equity Jurisdiction,* To
   set aside conveyance of real estate made in excess of authority.

Where a husband conveys property to his wife, without any agreement on the part
   of the wife as to the way in which she shall hold it, there is no presumption that
   it is received in trust and the wife as between herself and her husband holds the
   property absolutely, an unexpressed intention of the husband in making the
   conveyance being immaterial as between the parties to it.

Where a wife, with the consent of her husband, went to a foreign country to live
   and gave to her husband, at his request, a power of attorney authorizing him,
   among other powers, to sell and transfer certain real estate which the husband
   and wife formerly had occupied as a home and which he had conveyed to her
   without any trust, and where the wife thereafter refused without justification to
   return to live with her husband, and the husband before obtaining a divorce
   from her for desertion made use of the power of attorney to convey the real
   estate through a third person to himself, it was *held* that the wife could maintain
   a suit in equity against her former husband to set aside the conveyance, because
   the authority given by the power of attorney was restricted necessarily to
   transactions appurtenant to the business and designed for the benefit of the
   owner of the real estate and that the instrument conferred on the husband no
   right to convey the property to himself for his own advantage to the detriment
   of the owner.

BILL IN EQUITY, filed in the Superior Court on February 10,
1916, by Alice Tamar English, of London in the Kingdom of Great
Britain, against Charles R. English of Boston, the husband or
former husband of the plaintiff, and one Mary E. Childs, for an
order to reconvey to the plaintiff a certain parcel of land with
buildings thereon in the part of Newton called West Newton be-
longing to the plaintiff, which the defendant Charles R. English
wrongfully conveyed to the defendant Childs under the pretended
authority of a power of attorney from the plaintiff dated Sep-
tember 13, 1909, and which the defendant Childs conveyed to
the defendant English.

The case was heard by *Jenney*, J., who made a finding of facts,
including the facts that are stated in the opinion.  The judge made
an order that a decree be entered dismissing the bill as to the

defendant Childs without costs and directing the defendant English to convey the property to his former wife, "inasmuch as a reconveyance is necessary in order to remove the cloud from her title caused by his attempt to vest the same in himself."

Later by order of the judge a final decree was entered dismissing the bill as to the defendant Childs without costs and ordering the defendant English to execute and deliver to the plaintiff a quit-claim deed of the premises described in the bill, subject to a certain mortgage, and that the defendant English also pay to the plaintiff $71.86 as the balance due on an accounting for the rents and profits less the expenses of the property from January 13, 1916, to April 1, 1917.

The defendant Charles R. English appealed.

*C. C. Barton, Jr.*, for the defendant English.

*E. Everett*, for the plaintiff.

RUGG, C. J. The material facts as found by the judge of the Superior Court are, that the defendant in 1904 caused an estate then owned and occupied by himself and his family as a home to be conveyed to the plaintiff, his wife, intending "to reserve the real estate away from the vicissitudes of business," and not to give his wife any beneficial interest, but still to own the property if he happened to get into any financial difficulty. He expected that thereby his family would be secured in a home with him free from the adversities of business, and relied on the willingness of his wife to convey the property as he might request. There was no evidence that the wife procured the conveyance or made any promise to hold the property for her husband's benefit, or that she agreed to reconvey it to him at his request. There was no mutual understanding between the two that she should hold the property for his benefit solely; but she received the conveyance for her own benefit and that of her husband and family.

The title to the property under these circumstances vested absolutely in the wife as between herself and her husband. A husband and wife cannot make contracts with each other. R. L. c. 153, § 2. St. 1912, c. 304. When either pays money or transfers or conveys property to the other, there is no presumption that it is received in trust. If a trust is alleged to exist, it must be proved. In the absence of such proof, it must be deemed that the money, property or conveyance was received with the intention that it be ap-

plied to the use and benefit of either or both at the discretion of the recipient.  *Jacobs* v. *Hesler,* 113 Mass. 157, 160, 161.  *Clark* v. *Patterson,* 158 Mass. 388, 391.

The wife subsequently went to England to live, with the consent of her husband.  She gave him at his request a power of attorney, which among other matters conferred power to sell or transfer the land in question.  Later she refused without justification to return to Massachusetts to live with her husband, and he obtained a divorce from her for that cause.  About one month before filing the libel for divorce, without the knowledge or consent of the wife, the husband, purporting to act under the power of attorney, conveyed the real estate to one Childs, who was simply a conduit and later conveyed it to the husband.  This bill is brought for a reconveyance and accounting.

The power of attorney did not authorize the husband to make a conveyance to himself under the circumstances here disclosed. He was an agent for the wife, who held the unqualified title to the property subject to incumbrances.  The husband's antecedent connection with the real estate gave him no more extensive right in it than would have been possessed by any other agent acting under the power of attorney.  His authority under the power of attorney was not unlimited.  It was necessarily restricted to transactions appurtenant to the business and designed for the benefit of the owner.  It conferred no right to convey the property to himself or for his advantage, to the detriment of the interests of the owner.  *Odiorne* v. *Maxcy,* 13 Mass. 178, 181.  *Maxwell* v. *Massachussets Title Ins. Co.* 206 Mass. 197, 202.  *Dzuris* v. *Pierce,* 216 Mass. 132, 136.  *Hall* v. *Paine,* 224 Mass. 62, 73, 74.

*Decree affirmed with costs.*