# Edmundson's Estate.

*Contracts—Contracts for benefit of third person—Beneficiary's right to sue—Evidence—Deeds—Consideration—Parol evidence of different consideration—Witnesses — Competency — Testimony of surviving party—Act of May 23, 1887, P. L. 158, Sec. 5, Clause e.*

1. To the rule that at common law no one could maintain an action upon a contract to which he was not a party, there are exceptions where the promise to pay the debt of a third person rests upon the fact that money or property is placed in the hands of the promisor for that particular purpose, and where one buys out the stock of a tradesman and undertakes to take the place, fill the contracts and pay the debts of his vendor.

2. Parol evidence is competent for the purpose of showing that the consideration for the conveyance of real estate is other than that expressed in the deed.

3. To disqualify a surviving party to a contract from testifying, he must not only be a surviving and remaining party but must have an interest adverse to the right of the deceased party, under the Act of May 23, 1887, P. L. 158, Section 5, Clause e. It is the adverse interest, not the adverse testimony, that disqualifies a witness.

4. Where a person conveys real estate, on the grantee's express oral promise to pay, to a third person, the amount received from the subsequent sale of the property, and thereafter the grantee dies without having fulfilled the promise, the grantor is a competent witness to testify in behalf of the beneficiary's claim against the grantee's estate.

5. A claimant against a decedent's estate presented evidence that a conveyance of an interest in certain real estate had been made by claimant's mother to decedent in her lifetime on decedent's oral promise that in case she should sell it during her lifetime she would pay the claimant the full amount invested therein by plaintiff's father, and if she did not sell same would bequeath said amount to claimant. The deed recited a valuable consideration, but there was evidence that no actual consideration had been paid. Decedent did not sell the real estate and at her death bequeathed $1,000 to claimant. Claimant's mother testified as to such oral contract, although the existence thereof was denied by decedent's children, who claimed that at the time of the delivery of the deed there was a default in payment of the money due on a mortgage and that the property was conveyed to prevent foreclosure proceedings. The

auditing judge allowed the claim less the amount of the legacy of $1,000. *Held*, (1) claimant was entitled to recover on the contract, being the only person beneficially interested in the payment of the money, (2) claimant's mother was a competent witness to prove the oral contract as she was not an adverse party, and (3) there was sufficient evidence to sustain the finding of the auditing judge in claimant's favor and the finding will be sustained.

Hoffa v. Hoffa, 38 Pa. Superior Ct. 356, approved.

*Practice, Supreme Court—Appeals—Auditing judge—Findings of fact—Conclusiveness.*

6. In the absence of a clear and manifest error the findings of fact of an auditing judge on conflicting evidence will be sustained.

Argued Oct. 11, 1917. Appeal, No. 119, Oct. T., 1917, by E. R. Edmundson and Ira H. Edmundson, from decree of O. C. Allegheny Co., March T., 1917, No. 53, dismissing exceptions to adjudication in Estate of Phebe Edmundson, deceased. Before MESTREZAT, POTTER, STEWART, MOSCHZISKER and WALLING, JJ. Affirmed.

Exceptions to adjudication. Before TRIMBLE, J.

The facts appear by the opinion of the Supreme Court.

The court in banc entered a decree sustaining the findings of the auditing judge. E. R. Edmundson and Ira H. Edmundson appealed.

*Error assigned*, among others, was the decree of the court.

*E. R. Edmundson*, with him *Owen S. Cecil*, for appellant.—The facts of the case at bar do not bring it within the exceptions to the rule that no one can recover on a contract to which he is not a party, since the money to be paid was not to be derived from or out of the property conveyed, the deed acknowledging full consideration for the conveyance: Hawn v. Stoler, 208 Pa. 610; Fross's App., 105 Pa. 258; Walsh's App., 122 Pa. 177.

Claimant's mother, a surviving party to the contract,

was not a competent witness: Act of May 23, 1887, P. L. 158, Sec. 5, Clause e.

The evidence was insufficient to support claimant's claim: Bergner v. Bergner, 219 Pa. 113; Worrall's App., 110 Pa. 349; Walker v. Walker, 254 Pa. 320; Oliver v. Oliver, 251 Pa. 574.

*John E. Winner,* with him *John D. Brown,* for appellee.—Where money or property is placed by one in the hands or possession of another to be paid or delivered to a third person, an equitable title to the money or thing which is the consideration of the promise passes to the beneficiary and he may release or compel performance in his own name: Adams v. Kuehn, 119 Pa. 76; Hoffa v. Hoffa, 38 Pa. Superior Ct. 356; Delp v. Brewing Company, 123 Pa. 42; First M. E. Church v. Isenberg, 246 Pa. 221; Sweeney v. Houston, 243 Pa. 542; Howes v. Scott, 224 Pa. 7; Hostetter v. Hollinger, 117 Pa. 606; Sargeant v. Nat'l Life Insurance Co. of Vermont, 189 Pa. 341; Norristown Trust Co. v. Lentz, 30 Pa. Superior Ct. 408; Lancaster County Nat'l Bank v. Henning, 171 Pa. 399.

It is the adverse interest of a surviving party to a contract and not his adverse testimony that disqualifies him: First National Bank of Bloomsburg v. Gerli, 225 Pa. 256; Joseph Horne & Co. v. Petty, 192 Pa. 32; Dickson v. McGraw Bros., 151 Pa. 98; Allen's Est., 207 Pa. 325.

OPINION BY MR. JUSTICE MESTREZAT, January 7, 1918:

This is an appeal from the decree of distribution made by the Orphans' Court of Allegheny County, allowing a claim against the estate of Mrs. Phebe Edmundson, deceased. In 1892 J. A. Herron purchased a house and lot in the City of Pittsburgh for the consideration of five thousand five hundred dollars, and, at his suggestion, the title to the property was taken in the name of his wife, Carrie E. Herron, who was a daughter of Mrs. Edmundson, the decedent. Three thousand six hundred

dollars of the purchase-money was borrowed on a building and loan association mortgage for that amount on which payments of principal and interest were made at various times by Mr. Herron until July, 1894. In that year Mr. and Mrs. Herron were divorced, and in the autumn of 1895 Mrs. Herron was married to Joseph Stadtfeld. By a deed, dated November 16, 1895, Mr. and Mrs. Stadtfeld conveyed the house and lot in question to Mrs. Edmundson, the consideration stated being $5,500, subject to liens and encumbrances.

At the audit of the account filed by the executor of Mrs. Edmundson, Carrie Herron, now Mrs. Carrie Cotton, daughter of Mrs. Carrie E. Herron, presented for allowance a claim for $3,333.01 alleged to be due her on an oral contract made by the decedent in 1895 with Mrs. Carrie E. Herron, the mother of the claimant. It is alleged that in the autumn of 1895 Mrs. Edmundson agreed to take title to the property in question under an express agreement made with Mrs. Herron that Carrie Herron, then her infant daughter, should receive all that the latter's father, J. A. Herron, had put into the property in case of a sale by Mrs. Edmundson during her lifetime, or if the property was not sold by Mrs. Edmundson she would leave to Carrie Herron the full amount invested therein by Mr. Herron at her death. With this understanding and agreement, it is claimed that Mrs. Stadtfeld and her husband executed and delivered the deed for the property, subject to the unpaid balance of the mortgage, to Mrs. Edmundson. While this deed recites a consideration of $5,500, it is contended, and the evidence shows, that Mrs. Edmundson paid nothing to the grantors or to Mr. Herron for the property. Mrs. Edmundson did not sell the real estate, and at her death bequeathed $1,000 to Mrs. Cotton.

The children of Mrs. Edmundson deny that she ever entered into a contract to pay or give Mrs. Cotton any sum whatever during her life or at her death, or that she ever made any arrangement or agreement with the

Stadtfelds as to the disposition of the property or its proceeds. On the contrary, they claim that at the time of the execution and delivery of the deed there was a default in payment of the money due on the mortgage, and the property was conveyed to Mrs. Edmundson by the grantors to prevent foreclosure proceedings.

The claim was allowed by the auditing judge, less the amount of the legacy of $1,000 to Mrs. Cotton. Exceptions filed by parties interested under Mrs. Edmundson's will were dismissed, and exceptants have appealed assigning as error the overruling of the exceptions, the decree of distribution and the allowance of the claim, and the admission of the testimony of Mrs. Stadtfeld.

The questions raised by the assignments of error are: (a) The right of the claimant to recover on the contract, she not being a party thereto or to the consideration, and having no beneficial interest in the property transferred; (b) the competency of the mother of the claimant as a witness to prove the oral contract; and (c) the sufficiency of the evidence to sustain the claim.

We think Carrie Herron, now Mrs. Cotton, can enforce, by an action or proceeding instituted in her own name, the contract made by her mother with the decedent for the benefit of the claimant. In Howes v. Scott, 224 Pa. 7, 10, it is said: "At common law no one could maintain an action upon a contract to which he was not a party. This rule is well established in this country, and it is recognized by both state and federal courts. There are, however, exceptions to the rule which, in this State, are as well settled as the rule itself. For nearly three-quarters of a century, since the decision in Blymire v. Boistle, 6 Watts 182, the decisions of this court have uniformly recognized and enforced the exceptions whenever the facts of a case required it." In Adams v. Kuehn, 119 Pa. 76, 85, Mr. Justice WILLIAMS, delivering the opinion, says: "Where one person enters into a contract with another to pay money to a third, or to deliver some valuable thing, and such third party is the only party interested

in the payment or the delivery, he can release the prom-
isor from performance or compel performance by suit."
He then notes some of the exceptions to the general rule
at common law that a person could not maintain an
action upon a contract to which he was not a party, as
follows: "Among the exceptions, are cases where the
promise to pay the debt of a third person rests upon the
fact that money or property is placed in the hands of the
promisor for that particular purpose. Also where one
buys out the stock of a tradesman and undertakes to take
the place, fill the contracts, and pay the debts of his ven-
dor. These cases as well as the case of one who receives
money or property on the promise to pay or deliver to a
third person, are cases in which the third person, al-
though not a party to the contract, may be fairly said to
be a party to the consideration on which it rests. In
good conscience the title to the money or thing which is
the consideration of the promise passes to the beneficiary,
and the promisor is turned in effect into a trustee. But
when the promise is made to, and in relief of one to whom
the promise is made, upon a consideration moving from
him, no particular fund or means of payment being
placed in the hands of the promisor out of which the pay-
ment is to be made, there is no trust arising in the prom-
isor and no title passing to the third person. The bene-
ficiary is not the original creditor who is a stranger to
the contract and the consideration, but the original
debtor who is a party to both, and the right of action is
in him alone."

Mrs. Edmundson took title to the land, as the court
found, under an oral agreement to give Mrs. Cotton, the
claimant, the amount of money invested in the land by
the claimant's father when the premises might be sold
or at the grantee's death. The premises were not sold
by the grantee, nor did she make provision by her will
for payment of this claim. It is clear, therefore, that
she failed to comply with the contract on her part. The
claimant was not a party to the contract, and had no

beneficial interest in the property conveyed by her mother to the decedent, but she is the only party beneficially interested in enforcing the claim secured by it.  Mrs. Herron, the grantor, has no interest in the claim.  The deed is absolute and conveys the property to the decedent without any conditions imposed for the payment of any sum whatever to her.  The promise contained in the agreement was not in consideration of the payment of an existing indebtedness due Mrs. Herron, the promisee, and, therefore, could not be released or enforced by her. This proceeding is on the oral contract to compel payment to the party beneficially interested by its terms, and not to enforce any covenant or condition in the deed in favor of the grantors or promisees therein.  Being the only person beneficially interested in the payment of the money secured thereby, the claimant can release the promisor's estate from performance, or compel performance of the terms of the contract by suit.  While the deed showed the payment of a consideration of $5,500, there was, in fact, nothing whatever paid or agreed to be paid by the decedent to the grantors for the transfer of the property.  This was shown by parol evidence which was competent for the purpose: Sargeant v. Nat'l Life Insurance Co. of Vermont, 189 Pa. 341, 346.  We think the facts of this case bring it within the doctrine of our decisions, and that the claimant can recover in an action or proceeding instituted by her against the estate of the decedent.

In Hoffa v. Hoffa, 38 Pa. Superior Ct. 356, the learned Superior Court applied the same doctrine and held that the person beneficially interested could maintain an action on the contract.  There, one brother conveyed a farm to another for the consideration of $1 named in the deed, and the grantee agreed to pay another brother and sister $1,000 each.  The farm was in fact worth $3,000. It was held that the brother and sister could maintain a suit against the grantee's administrator for the money which the grantee had promised his brother to pay them,

and that the declarations of the grantee were admissible in evidence and constituted sufficient proof of the contract. The learned counsel for the appellants concede that the present case seems to be on all fours with the Hoffa case, but claim that the latter case is distinguished by the fact that the deed showed a nominal consideration. As already pointed out, it was shown, and in fact was not denied, that, while a substantial consideration was named in the deed conveying the property to the decedent, no consideration passed to Mr. Herron or to the grantors from the grantee.

The claimant called as witnesses, in support of her claim, her father, J. A. Herron, her mother, and her mother's second husband, Mr. Stadtfeld. The appellants objected to the competency of Mr. and Mrs. Stadtfeld, but error is assigned to the admission of the testimony of Mrs. Stadtfeld only. They contend that the witness was incompetent on the ground that she is the surviving and remaining party to the contract, and, therefore, directly within the words of clause "e," section 5 of the Act of May 23, 1887, P. L. 158. This fact in itself is not sufficient to disqualify a witness. He must be not only a "remaining party" to the contract but must also have an interest adverse to the party against whom he is called to testify. This clause provides that where any party to a thing or contract in action is dead and his right thereto or therein has passed, either by his own act or by the act of the law, to a party on the record who represents his interest in the subject in controversy, no surviving or remaining party to such thing or contract, or any other person whose interest shall be adverse to the said right of such deceased, shall be a competent witness to anything occurring before the death of said party. It will be observed that to disqualify a witness under this clause he must not only be a surviving and remaining party to the thing or contract in action, but he must have an interest adverse to the right of the deceased party. This is clearly the correct interpretation of the clause,

and we have so held: Dickson v. McGraw Bros., 151 Pa. 98; First National Bank of Bloomsburg v. Gerli, 225 Pa. 256. The disqualification is made to depend not only on the fact of being a remaining party but also of having an adverse interest: Dickson v. McGraw, supra; and it is the adverse interest and not the adverse testimony that disqualifies a witness: Horne & Co. v. Petty, 192 Pa. 32. This claim is based on the parol contract and is made by Mrs. Cotton against the decedent's estate, and Mrs. Stadtfeld can have no interest in having it sustained. She is not a party to the litigation nor interested in sustaining the claim. Her interest is, therefore, not adverse to the estate. On the contrary, her interest is adverse to the claim if she be a residuary legatee, and if it be allowed and paid it cannot increase but will reduce her share in her mother's estate. It being apparent, therefore, that Mrs. Stadtfeld had no interest in the claim and, hence, no interest adverse to the estate of the decedent, we think she was a competent witness for the claimant.

The evidence is amply sufficient, if believed, to establish the oral contract and sustain the claim. Mrs. Stadtfeld's testimony is clear and explicit as to the terms of the agreement by which the decedent agreed to give Mrs. Cotton the sum paid by Mr. Herron on the purchase-price of the property. She says that the conveyance was made without any consideration passing to the grantors, and because Mr. Stadtfeld objected to her retaining any property acquired from her former husband. The purpose, therefore, of divesting herself of the title to the premises was to secure to her daughter the amount of money which Mr. Herron paid on the purchase-price. She further testified that her mother had frequently assured her that she would stand by the promise she made when the property was conveyed to her. Mr. Stadtfeld corroborated his wife's testimony as to the purpose of disposing of the property and as to the repeated assurance of the decedent to abide by her promise.

Mr. Herron testifies that in the summer or fall of 1895 the decedent discussed with him the taking over of this property by her, and she repeatedly assured him that if she did take it over her granddaughter, Mrs. Cotton, should have everything that Mr. Herron put into it, and that in case of her death she would leave the house to the child or leave her the equivalent of the amount he had put into it.

Three sons and a daughter of the decedent were called to testify against the claim, but their testimony is simply to the effect that they did not hear their mother make the promise or reaffirm it, and did not hear of the claim until shortly before their mother's death. There was no substantial contradiction of the testimony introduced by the claimant, and, hence, the learned auditing judge very properly found that "the evidence by which the claim is established is uncontradicted."

It is claimed by the appellant that the decree is excessive in amount. The auditing judge, however, found that the amount invested in the property in cash by the claimant's father was $3,333.01, and, on an exception filed, this finding was sustained by the court in banc. Such clear and manifest error in the court's conclusion has not been pointed out as would justify us in reversing the decree on this ground.

The other questions argued by the appellant are not in the case and do not require consideration.

The decree is affirmed.