Coughlin *v.* Coughlin, Appellant.

Argued September 30, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*Henry D. O'Connor,* for appellant.

*Edward Tolen,* for appellee.

OPINION BY GUNTHER, J., January 20, 1953:

John A. Coughlin, appellee, instituted an action in assumpsit against his father, Walter A. Coughlin, appellant, to recover the sum of $290 which he had loaned to his father and mother on December 8, 1941. The answer denied material averments of the complaint and interposed by way of new matter the bar of the statute of limitations; further, that the transaction was a gift. A reply to new matter alleged conduct of appellant, which, if believed, tolled the bar of the statute of limitations. The cause was heard by a judge without a jury who found for appellee in the amount of $290 plus interest. This appeal is from the dismissal of motions for judgment n.o.v. and for a new trial by the court in banc.

Considering the testimony in the light most advantageous to appellee, and resolving in his favor all doubts and conflicts therein, there is abundant competent evidence to support the findings of fact of the court below that the transaction hereinafter related was a loan and not a gift. So considering the testimony, it established that in December, 1941, appellant and his wife and their family of five children lived at 6424 North 26th Street, Philadelphia, Pennsylvania; that appellant and his wife had contracted to buy the home in which they were living and needed $300 to complete settlement; that appellee was asked if he had $300 which he could lend for that purpose; that he answered in the affirmative and the funds were turned over to Mr. and Mrs. Coughlin and settlement effected. Mrs. Coughlin died on October 22, 1946. Appellee called a brother and a sister as witnesses in his behalf who testified that they

were present when the funds were turned over, and corroborated appellee's version of the transfer establishing that a loan and not a gift was intended. Appellee's brother also testified that on several occasions he had heard the parties discussing the loan, a request for repayment by appellee and appellant's promise to repay; that the last of these conversations took place in October, 1949; that on two occasions in 1949 appellant had given the witness $5 each time to give to appellee as a part payment on account of the loan. Appellee's sister testified that her parents had asked appellee for a loan; that her father was glad to get the loan and had promised to repay it at different times. The credible evidence warranted the finding of fact that a loan, not a gift, was effected.

Appellant's second contention is that the evidence failed to show a clear and unequivocal acknowledgment of the debt to toll the bar of the statute of limitations. On this phase of the case, appellee testified that he and his father would get into an argument over the money and the father promised he would pay appellee from time to time; that the last such conversation took place in November, 1949, approximately one month after appellant had sent two payments of $5 each to appellee through a third party as part payment on account of the loan. Appellee's brother testified that appellant had told him that appellee would get his money and gave him $5 to give to appellee on account of the loan. A sister also corroborated appellee concerning acknowledgment of the debt and appellant's promise to pay "when I am good and ready".

The evidence therefore establishes not only an express promise made by appellant that he would pay the loan, but further, part payment of the debt which constituted sufficient acknowledgment of its existence from which an implied promise to pay can be inferred.

There can be no more unequivocal acknowledgment of a present existing debt than a payment on account of it, (*Barclay's Appeal,* 64 Pa. 69, 72; *Wesner v. Stein and Greenawalt,* 97 Pa. 322) and made on account of the very debt which is in dispute. Cf. *McPhilomy v. Lister,* 341 Pa. 250, 253, 19 A. 2d 143. The court below did not err in concluding that the bar of the statute of limitations had been tolled.

Appellant's final contention is that the court below erred in concluding that appellee was a competent witness. The argument is that since appellee alleged "a loan to husband and wife, and the wife is dead at the time of trial", appellee is incompetent by virtue of the provisions of the Act of May 23, 1887, P. L. 158 §5, cl. (e), 28 PS §322. Appellant interposed no objection at the trial challenging appellee's competency and further, subjected appellee to extended cross-examination. In such circumstances, a complaining party is deemed to have waived his right to complain. Cf. *McGary Estate,* 355 Pa. 232, 236, 49 A. 2d 350; *Heller v. Fabel,* 290 Pa. 43, 138 A. 217. Moreover, the mother's estate is not a party defendant in this proceeding, nor is there any evidence that she left an estate or that appellee intends to pursue such estate for payment of the debt. Thus there was no decedent or decedent's estate before the court against which an adverse interest appeared. "To render a witness incompetent under the Act of 1887 it is not enough that he be a surviving or remaining party to the contract, but, in addition, his interest must be adverse to that of the deceased; it is the existence or non-existence of the adverse interest that is the test of his competency: First National Bank of Bloomsburg v. Gerli, 225 Pa. 256, 260, 261, 74 A. 52, 53; Edmundson's Estate, 259 Pa. 429, 436, 437, 103 A. 277, 279; Weaver v. Welsh, 325 Pa. 571, 577, 191 A. 3, 7. In applying that test, adverse *interest*

must not be confused with adverse *testimony;* it is the former, not the latter, that disqualifies; Edmundson's Estate, 259 Pa. 429, 437, 103 A. 277, 279; King v. Lemmer, 315 Pa. 254, 173 A. 176." *Billow v. Billow, Liquidator,* 360 Pa. 343, 346, 61 A. 2d 817.

Judgment affirmed.