Opinion by
 

 Flood, J.,
 

 Plaintiff sued the defendant as executor under the will of Mary Frances James who was the record owner of 430 Penn Street, Chester, Pennsylvania, at the time of her death. The complaint avers that the plaintiff purchased the property with his own funds but title was placed in Mrs. James’ name for business
 
 reasons;
 
 that he and Mrs. James , lived together at that time as husband and wife and - continued to do so until her death; that he resided in the property from the date of purchase and believed that legal title would pass to him on her death; that after her death he made demand upon the defendant executor to have the latter convey the property but this was refused. After hearing, the court below filed an adjudication and decree nisi declaring that a resulting trust of an undivided one-half interest in the property existed in the plaintiff’s favor and ordering the executor to execute and deliver to the plaintiff a deed in fee simple for the property, conditional upon payment of a sum equal to one-half the fair market vaiue of the property. This appeal is taken from a final decree dismissing all of the defendant’s exceptions to the adjudication and decree nisi.
 

 1. The executor contends that the court of common pleas has no jurisdiction over a resulting trust of real estate in the name of a decedent. He argues that the court below, which relied upon §302 of the Orphans’ Court Act of August 10, 1951, P. L. 1163, 20 PS §2080.302, misinterpreted that section. While §302 gives concurrent jurisdiction to the common pleas court and the orphans’ court in certain cases, the defendant correctly points out that it does not extend to resulting trusts of real estate. It gives concurrent jurisdiction to the two courts only in certain cases where
 
 *267
 
 real estate “lias passed by devise or descent or by the terms of [a] trust instrument”. It lias no relation-to resulting trusts which are.created by operation of law.
 

 The jurisdiction of the orphans’ court is/ however, limited to that conferred upon it by statute
 
 (Horner v. First Pennsylvania Banking and Trust Co.,
 
 412 Pa. 72, 194 A. 2d 335 (1963)) and the Orphans’ Court Act of 1951, supra, which delineates that court’s jurisdiction, nowhere gives it any power with regard to purchase money resulting trusts of real estate. See particularly, §102(6) (vi) of that Act, 20 PS §2080.102. This matter was fully discussed by the able and experienced President Judge Gross of the Orphans’ Court of York County in
 
 Kain
 
 Account, 6 Pa. D. & C. 2d 475, at p. 481 et seq. (1955) and we need not burden this opinion by paraphrasing what he said so well in that opinion. Consequently, the court of common pleas as court of equity retains its historic jurisdiction over resulting trusts of real estate.
 

 2. The defendant next contends that the overruling of his objection to the plaintiff’s testimony was in violation of the so-called Dead Man’s Act of ■ May 23, 1887, P. L. 158, §5, 28 PS §322. At the hearing on the rule for a preliminary injunction, the plaintiff testified, without objection, that his money was used to make the down payment on the property and make some of the mortgage payments, and he was fully cross-examined by the defendant’s counsel. When the transcript of this testimony was offered in evidence at the final hearing, the defendant objected to its admission. The court held that he had waived his right by failing to object to its admission at the preliminary hearing. This was not error. “[WJhere, as here, a witness has been examined and cross-examined at length, it is not error to refuse to strike out his testimony thereafter, unless it appears that the motion was made as soon as it became known that he was not com
 
 *268
 
 petent to testify
 
 in the ease”: Heller v. Fabel,
 
 290 Pa. 43, 138 A. 217 (1927). See also
 
 Coughlin v. Coughlin,
 
 173 Pa. Superior Ct. 23, 94 A. 2d 79 (1953). To be timely, the objection should have been made at the preliminary hearing.
 
 [1]
 

 3. The defendant further contends that the court erred in excluding as hearsay proposed testimony of the decedent’s attorney as to her purpose in drawing her will.
 

 Evidence of a decedent’s declaration of intention is admissible in Pennsylvania as an exception to the hearsay rule where such intent is itself a material fact.
 
 Ickes v. Ickes,
 
 237 Pa. 582, 85 A. 885 (1912). In addition, a decedent’s declaration
 
 of
 
 intention to do a relevant act may be admissible as some evidence that he later performed that act, e.g., the declarations of the victim of a homicide that she intended to go to the accused’s office on the night of her death
 
 (Commonwealth v. Marshall,
 
 287 Pa. 512, 135 A. 301 (1926)), or the declaration of the alleged victim that she intended to take her own life
 
 (Commonwealth v. Santos,
 
 275 Pa. 515, 119 A. 596 (1923)). See also McCormick, Evidence, §§269-270.
 

 The issue in the case before us was neither Mrs. James’ intention to make a will nor the fact that she actually made a will. Neither her state of mind when she consulted her attorney about a will nor the language of her will was relevant. Consequently, the proposed testimony was not admissible. The purpose of the offer seemed to be to show that the decedent desired to make a will to be sure that her son received this property or a share of it, evidently in order to
 
 *269
 
 raise an inference that she believed she was. the beneficial owner of the property. This belief, in itself, is a conclusion, and her declaration of such belief would be self-serving and would raise no inference that she •was the owner of the entire beneficial interest. There -was no error in excluding the testimony.
 

 The defendant cites
 
 Moffitt v. Moffitt,
 
 340 Pa. 107, 16 A. 2d 418 (1940) and
 
 Sechler v. Sechler,
 
 403 Pa. 1, 169 A. 2d 78 (1961), for the proposition that declarations of the parties, after the execution of a deed, are admissible as corroborative evidence on the issue of a parol trust. These cases involved declarations against interest offered to establish the trust, not, as here, self-serving and irrelevant declarations offered in an attempt to show that no trust exists. They furnish no support for the appellant’s contention.
 

 4. The contention that the plaintiff was guilty of laches is without substance. Suit was brought within six months of Mrs. James’ death. Since the plaintiff lived in the house with her before she died and there is evidence that no question was ever raised by her regarding his rights, there is no basis for holding him barred by laches.
 
 Chambers v. Chambers,
 
 406 Pa. 50, 176 A. 2d 673 (1963).
 

 5. It is argued that because the plaintiff and the decedent were living together in what is alleged to be a “husband and wife relationship”, the correct inference was that he intended a gift to her rather than the creation of a resulting trust. Reliance is placed upon the rule set forth in §442 of the Restatement (2d), Trusts: “Where a transfer of property is made to one person and the purchase price is paid by another and the transferee is a wife, child or other natural object of bounty of the person by whom the purchase price is paid, a resulting trust does not arise unless the latter manifests an intention that the transferee should not have the beneficial interest in the property.” See
 
 Fitz
 
 
 *270
 

 patrick v. Fitzpatrick,
 
 346 Pa. 202, 29 A. 2d 790 (1943) and Restatement (2d), Trusts, §§440-444. However, while a matrimonial relationship rebuts the inference of a purchase money resulting trust and raises the contrary inference that a gift to the spouse was intended, a meretricious relationship between the plaintiff and the decedent is not enough to raise such an inference. Restatement (2d), Trusts, §442, comment b. In such case, the burden is upon the transferee to establish that a gift rather than a trust was intended.
 

 Although the court below found and the plaintiff averred that he and the decedent “lived together as husband and wife”, this does not amount to either a binding admission or a finding that they were married either ceremonially or at common law. The testimony shows cohabitation of the plaintiff and the decedent, without any proof of a marriage. In fact, the plaintiffs testimony on cross-examination raises a strong inference to the contrary.
 

 6. There is evidence in the record that the plaintiff paid at least one-half the purchase price of the house. If this is accepted, the inference that he is the beneficiary of a purchase money resulting trust of a one-half interest in the property in dispute can be properly drawn.
 

 The appellant argues that the evidence is not of the quantity or quality necessary to raise the inference of a resulting trust. Such evidence must be “clear, direct, precise and convincing”
 
 (Policarpo v. Policarpo,
 
 410 Pa. 543, 189 A. 2d 171 (1963)) or “clear, direct, precise and indubitable”
 
 (Petro v. Secary Estate,
 
 403 Pa. 540, 170 A. 2d 325 (1961)). In
 
 Broida v. Travelers Insurance Company,
 
 316 Pa. 444, at p. 448, 175 A. 492, at p. 494 (1934) the Supreme Court indicated this evidentiary standard means that: “[T]he witnesses must be found to be credible, that the facts to which they testify are distinctly remembered and the
 
 details
 
 
 *271
 
 thereof narrated exactly and in due order, and that their testimony is so clear, direct, weighty and convincing as to enable the jury to come to a clear conviction, without hesitancy, of the truth of the precise facts in issue . . . .” But this does not mean proof be-, yond a reasonable doubt.
 
 Petro v. Secary Estate,
 
 supra. “In determining whether there is clear, precise and indubitable evidence in a case where such grade of evidence is required, it is only the testimony submitted by the party on whom such burden rests that, weighed in the light of the attendant circumstances, should be considered by the court; its contradiction by witnesses for the opposing party is for the consideration of the jury.”
 
 Lucas v. Gibson,
 
 341 Pa. 427, at p. 432, 19 A. 2d 395, at p. 398 (1941) per Steen, J. The question for decision is “whether plaintiff’s evidence was so prima facie persuasive as to be entitled to submission to the jury.”
 
 Bernardini v. Kay,
 
 326 Pa. 481, at p. 486, 192 A. 882, at p. 884 (1937).
 

 As the findings of the chancellor were confirmed by the court en banc, his adjudication, if based upon competent evidence, has the force of a jury verdict.
 
 Fitzpatrick v. Fitzpatrick,
 
 supra. Therefore, we need determine only whether, under the standard stated above, the plaintiff’s testimony was sufficient for the chancellor to consider in weighing the whole evidence. The plaintiff narrated the details of the purchase with particularity and, if accepted, his testimony indicates that he distinctly remembered making a down payment and subsequent payments. The chancellor believed him and stated in his adjudication that he was “convinced that [the] plaintiff paid a substantial part of the purchase price for the property in dispute.” We see no reason why the chancellor could not, on the basis of the evidence before him, have come to a clear conviction of the truth of the precise facts in issue.
 

 
 *272
 
 While the findings of the court below are reviewable on appeal where clear, precise and indubitable evidence is required
 
 (Sechler v. Sechler,
 
 supra), the conclusion of the chancellor that the plaintiff’s- story is convincing, concurred in by the court en banc, should not be lightly overridden. The testimony of the plaintiff here was direct and was not dependent upon such vague inference as characterized the evidence in
 
 Sechler v. Sechler,
 
 supra.
 

 Decree affirmed.
 

 [1]
 

 Cf.
 
 Perlis v. Kuhns,
 
 202 Pa. Superior Ct. 80, 195 A. 2d 156 (1963), in which we hold that requiring a party to answer pretrial interrogatories waives any objection based on the Dead Man’s Act, supra, to his competency at trial even though the answers are not offered in evidence.