## 24799. SULLIVAN v. SULLIVAN.

DUCKWORTH, Chief Justice. 1. There has been injected into this simple citation for contempt for the non-payment of attorney's fee in a divorce action, which most lawyers know is a part of temporary alimony, the irrelevant but clearly sound legal principle that where both parties are guilty of like conduct neither is entitled to a divorce. See *Code* § 30-109; *Moon v. Moon,* 216 Ga. 627 (3) (118 SE2d 473); *Childs v. Childs,* 223 Ga. 435 (156 SE2d 21). Both parties in this divorce action charged the other with cruel treatment and a verdict in favor of both had to find these allegations to be true. Hence, under the law, neither one was entitled to a divorce, but we cannot decide that question since it is not before us. The wife might be lawfully awarded temporary alimony in the form of attorney fees to enable her to prosecute her case even though she ultimately loses it. *Code* § 30-202; *Alford v. Alford,* 189 Ga. 630 (7) (7 SE2d 278). This is founded upon the law that requires the husband to support his wife.

2. Attorney's fees must be awarded in a divorce action before a verdict is rendered. *Phillips v. Phillips,* 146 Ga. 61 (90 SE 379); *Wise v. Wise,* 157 Ga. 814 (122 SE 210). However, the record here shows that this was done with ample notice of this hearing before the verdict.

3. *Code* § 30-204 renders the failure to pay alimony contemptuous; hence no violation of a direct command is required to render one guilty of contempt in the nonpayment of alimony. *Goodrum v. Goodrum,* 202 Ga. 135 (42 SE2d 450); *Wilson v. Chumney,* 214 Ga. 120 (103 SE2d 552).

4. The liability of the wife for certain savings bonds is irrelelevant to the sole issue here of obeying the order to pay $225 as attorney's fee. That order standing, and the admission that it had not been obeyed, we must affirm the judgment of contempt.

5. There is no merit in any of the errors enumerated.

*Judgment affirmed. All the Justices concur.*

SUBMITTED SEPTEMBER 10, 1968—DECIDED OCTOBER 10, 1968.

*Joel A. Willis, Jr.,* for appellant.
*Wisse & Kushinka, William Wisse,* for appellee.