·26243. MOREHEAD v. MOREHEAD.

HAWES, Justice. 1. At issue in this case is the correctness of the judgment of the trial court overruling defendant's motion for a new trial in a divorce case. The ground upon which plaintiff sought a divorce was cruel treatment. The evidence shows that the plaintiff and the defendant married in 1923 and lived together as husband and wife until 1966 when the plaintiff wife, on account of the alleged cruel treatment, was forced to separate from the defendant. Four grounds of-enumerated error raise the same basic issue, to wit: that the evidence was insufficient to authorize a verdict for the plaintiff. Without detailing the evidence on the issue of cruel treatment, it is sufficient to say that the jury was authorized to find that for a number of years prior to the separation of the parties in 1966 the defendant had habitually and apparently without cause cursed and abused the plaintiff, keeping her nervous and upset, frequently causing her to cry; that he threatened to leave her, told her that she ought to know what he thought of her by the way he treated her; that he would frequently go for long periods without speaking to her at all, and when he did speak to her would curse and storm at her so much that it would cause her to cry. The plaintiff testified that this conduct frequently kept her so upset and nervous that she feared it was adversely affecting her health. We think that the evidence amounts to considerably more than showing only occasional sallies of passion, rudeness or petulance. It shows that, at least for a period of several years, the plaintiff had experienced in her relations with the defendant only extreme irascibility and abuse which was intended to torment, vex or afflict her without necessity. "Cruel

treatment, or cruelty in the broad and unrestricted sense in which it is used in our statute, is any act intended to torment, vex, or afflict, or which actually afflicts or torments without necessity; or any act of inhumanity, wrong, oppression, or injustice." *Myrick v. Myrick,* 67 Ga. 771, 778. See also *Ross v. Ross,* 169 Ga. 524, 526 (150 SE 822); *Hinkle v. Hinkle,* 209 Ga. 554, 556 (74 SE2d 657); *Bell v. Bell,* 213 Ga. 176, 177 (97 SE2d 571). As was said in the latter case, quoting from the *Hinkle* case, "Acts or conduct of the defendant which would not amount to cruel treatment when considered alone might be found by the jury to enter into an alleged 'calculated intent' by the defendant of causing the plaintiff 'great mental pain and anguish.'" Under the foregoing principles, the evidence in this case amply authorized the verdict granting a divorce to the plaintiff.

2. So far as the record before this court reveals, the sole ground upon which the plaintiff sought a divorce from the defendant is on the basis of cruel treatment. The defendant in his cross action sought a divorce on the ground of desertion. The pleadings appear to have been drawn more under the former rules of pleading and practice than under the Civil Practice Act, and the trial court charged the jury that the pleadings which they would have out with them stated the contention of the parties that they would look to the pleadings to determine what the issues were. He instructed the jury that "the plaintiff seeks a divorce from defendant upon the grounds of cruel treatment." Under the circumstances, it was not incumbent upon the court to further instruct the jury that they would not be authorized to find for the plaintiff on the ground of desertion, since nowhere did it appear from the pleadings that the plaintiff sought a divorce on such grounds. Accordingly, grounds 4 and 5 of the enumeration of errors are without merit.

3. The Civil Practice Act of 1965 repealed the provision of old *Code* § 70-207 requiring the giving of a requested charge in the exact language of the request if such request is pertinent and legal. Ga. L. 1965, pp. 18, 39. *Southern R. Co. v. Grogan,* 113 Ga. App. 451, 457 (148 SE2d 439). In ground 6 of the enumerated errors, appellant contends that the court erred in refusing

to give a requested charge defining cruel treatment such as would justify the grant of a divorce. This request, while not in all respects a quotation, appears to have been taken from the language used by this court in *Durham v. Durham,* 156 Ga. 454, 458 (119 SE 702). As such, it contains language which is quite argumentative and we think inappropriate to be given in charge to the jury. It contains such language as "the causes must be grave and weighty and such as show an absolute impossibility that the duties of the married life can be discharged. In a state of personal danger, no duties can be discharged; for the duty of self preservation must take place before the duties of marriage, which is secondary both in commencement and in obligation; but what falls short of this is with great caution to be admitted." As was said by the Court of Appeals in *Moon v. Kimberly,* 116 Ga. App. 74 (1) (156 SE2d 414), "However, the mere fact that language has been employed by the reviewing court in discussing a case or in giving reasons and argument for a particular decision does not always render such language appropriate for use by the trial judge in charging the jury. *Hunt v. Pollard,* 55 Ga. App. 423, 426 (190 SE 71)." To the same effect, see *Hogan v. Hogan,* 196 Ga. 822, 825 (28 SE2d 74). The trial court did not err in refusing to charge in the language requested as complained of in the sixth ground of enumerated error.

4. The argument advanced in the brief of appellant in connection with the foregoing enumeration of error to the effect that the charge defining cruel treatment, as actually given, was incomplete cannot be considered inasmuch as the appellant nowhere in his brief points out where the charge as actually given is located in the record, and under repeated rulings of this court we will not undertake an unaided search of the record to ascertain if this contention has merit. See Rule 16 (3), Rules of the Supreme Court, 220 Ga. 909, 912.

5. The evidence as to the defendant's wealth and resources was in conflict and we cannot say that the award of the lump sum of $3,000 to the plaintiff as alimony was excessive in view of the testimony of the plaintiff as to her needs, the poor state of her health, anticipated expenses, etc.

*Judgment affirmed. All the Justices concur.*

ARGUED DECEMBER 15, 1970—DECIDED FEBRUARY 15, 1971—
REHEARING DENIED MARCH 25, 1971.

*McDonald & Mills, Ben B. Mills, Jr., Mixon & Mixon, Harry Mixon,* for appellant.
*W. Emory Walters,* for appellee.