BERNARD KRASNER *vs.* CLAIRE KRASNER.

Middlesex. May 5, 1972. — June 21, 1972.

Present: TAURO, C.J., REARDON, QUIRICO, & HENNESSEY, JJ.

*Trust*, Resulting trust. *Gift. Husband and Wife*, Gift.

Where a husband furnished the entire purchase price of a parcel of real estate from the proceeds of a loan from his parents, caused title to be put in the name of his wife solely as a matter of con-

venience to safeguard the property from attachment, did not intend to make a gift of the property to his wife, thereafter paid all the taxes on the property and exercised full control over it until the parties separated, there was a resulting trust in the husband's favor, and the presumption that a gift to the wife was intended was rebutted. [189–190]

BILL IN EQUITY filed in the Probate Court for the county of Middlesex on March 14, 1967.

The suit was heard by *Sullivan*, J.

*Robert F. McGrath* for the respondent.

*Sidney Berkman* (*Jeffrey M. Smith* with him) for the petitioner.

TAURO, C.J. This is an appeal from a Probate Court decree ordering the respondent to convey to the petitioner title to certain real property and to deliver to him certain personal property.[1]

The petition alleges as follows: The parties were married on July 17, 1953, and were separated in September of 1966. Pending at the time of the filing of the petition was the petitioner's libel for divorce. The land in question was purchased by the petitioner, and he furnished the consideration through a loan from his parents. The title was put in the name of the respondent for reasons of convenience, but the petitioner has always paid the taxes and other expenses. The respondent holds title only by virtue of a resulting trust and the petitioner claims sole ownership.[2]

The judge made a report of material facts, and we have a transcript of the evidence. "[W]here the evidence is reported, it is the duty of this court to examine the evidence and to decide the case upon its own judgment,

---

[1] The grounds for appeal are: (1) overruling of respondent's demurrer on the grounds that (a) the petition states no cause of action; (b) the petition is multifarious; (2) the failure to exclude testimony based on privileged communications (attorney-client; husband-wife); (3) the wrongful admission of overly broad and vague questions; (4) there was no evidence to warrant a finding of a resulting trust.

[2] The petitioner also alleges ownership in certain paintings, Japanese screens, jewelry and other named articles of personal property of which the respondent retains possession against the demand of the petitioner for their return.

but . . . findings of fact made by the . . . [probate] judge upon oral testimony will not be reversed unless they are plainly wrong." *Hiller* v. *Hiller,* 305 Mass. 163, 164. See *Grocer* v. *Montifore Cemetery Assn.* 307 Mass. 45, 47.

The probate judge found as follows: The petitioner entered into an agreement for the purchase of two lots of land. The purchase price of $8,000 was furnished by the petitioner's parents, and title to the land was taken in the name of the respondent. The money was intended as a loan, and the petitioner's parents "expected repayment some time in the future." The petitioner paid all the real estate taxes and expenses on the property until his separation from the respondent, and all prospective buyers of the property were referred to him until he ceased residing with the respondent. The respondent never exercised any control over the property until the parties had separated. Title to the property was placed in the respondent's name "merely as a convenience" to safeguard it from attachments since the petitioner was beginning his medical practice and feared malpractice suits. There was no discussion between the petitioner's parents and the respondent or any other relative indicating that the property was intended as a gift to her. The fact that title to the property was passed before the respondent's first child was born contradicted the respondent's contention that the petitioner's parents gave her the property because they had not given her anything when the child was born. Neither the petitioner nor the respondent was present at the passing of the title and all legal details were handled by the petitioner's father. The judge made findings to the effect that the personal property in question belonged to the petitioner.[3]

On the basis of conflicting oral testimony the probate

---

[3] The probate judge found that the paintings, Japanese screens, surgical journals and books were purchased by and belonged to the petitioner; the desk was a gift from his parents at his college graduation; the whirlpool tub was part of his office equipment. All other personal property enumerated in the petition was found to belong to the petitioner.

judge chose to believe the petitioner and his witnesses and not the respondent. We cannot say that he was plainly wrong. *Wilde* v. *Wilde,* 350 Mass. 333, 334.

There was no error in the decree concerning the real property. We state the familiar rule. "[W]here a transfer of property is made to one person and the purchase price is paid by another, a resulting trust is presumed in favor of the person by whom the purchase price is paid. . . . But where the transferee is the wife of the person by whom the purchase price is paid there is a presumption that a gift was intended. . . . However, this presumption is rebuttable and the husband can establish a resulting trust by proving that it was not intended at the time of the transfer that the wife should take a beneficial interest in the property by way of gift . . ." (citations omitted). *Frank* v. *Frank,* 335 Mass. 130, 135. See *O'Brien* v. *O'Brien,* 256 Mass. 308, 310. There was ample evidence to support the decree that the petitioner is the owner of the real estate. The petitioner, through his parents, provided the entire purchase price of the property. The judge was warranted in concluding that the only reason for placing title in the respondent's name was in the event of legal action that might arise against the petitioner. The respondent participated in the making of this decision. The petitioner did not intend a gift. He paid all expenses connected with the property and controlled it in all details until the separation. The respondent, until separation, never exercised any control over the property. The petitioner clearly manifested an intention that the respondent should not have a beneficial interest in the property. See *O'Brien* v. *O'Brien, supra,* at 310; *Frank* v. *Frank,* 340 Mass. 132, 135. Restatement 2d: Trusts, § 443. The respondent's reliance on *English* v. *English,* 229 Mass. 11, is misplaced. In the *English* case, the judge found that there was no understanding that the wife would hold the property for the benefit of her husband. There was such an implied, if not express, understanding present here. Furthermore, in the *English* case the husband

transferred title from himself to his wife and this court in effect ruled that the property was to be held by the wife for her own benefit and that of her family. No such finding was made in the instant case. Of equal importance in the present case is the fact that the property was never in the husband's name but was conveyed directly to the wife for reasons previously stated.

A careful examination of all the other issues raised reveals no error.

*Decree affirmed.*