## 34571. FORD v. FORD.

JORDAN, Justice.

This appeal arises from a final judgment and decree of divorce between John Ford and his former wife, Jansen, on the ground that their marriage was irretrievably broken.

After a jury trial, Jansen Ford was awarded custody of the two children, alimony payments of $850 per month for 48 months reduced to $450 thereafter, $800 per month

child support and $8,000 in attorney fees. John Ford appeals alleging thirteen errors of the trial court.

1. In his first enumeration of error, appellant contends that the trial court erred in directing a verdict that the residence of the parties, titled in the wife's name, was a gift to the wife which she held in fee simple. In an amended answer to appellee's complaint for divorce, appellant had prayed that equitable title to the parties' residence be decreed in defendant and that a reasonable division of the equity in the residence be divided between the parties. Relying on the case of *Scales v. Scales,* 235 Ga. 509 (220 SE2d 267) (1975), the trial court held that the presumption of gift from Code § 108-116 stood unrebutted and sustained a motion for a directed verdict against a resulting trust being placed on the residence.

The opinion in *Scales* repeats the test that to rebut the presumption of gift under Code § 108-116 the grantor must show that a resulting trust was contemplated by both parties by way of an understanding or agreement. *Scales,* supra, and cits., p. 510; *Adderholt v. Adderholt,* 240 Ga. 626 (242 SE2d 11) (1978). The evidence in this case shows that appellee provided the majority of the furnishings for the house, a portion of the down-payment costs, and that she signed along with appellant a joint promissory note for the balance of the purchase price. She testified that nothing was ever "said or understood other than, it was my house and a gift to me." (T. 191).

Appellant offered no evidence to rebut this testimony. He testified, as had the husband in *Scales,* that he had placed the house in his wife's name in order to protect the property from prospective creditors, and that it was his intention to maintain a joint interest in the property. No evidence was introduced that appellant ever conveyed this intention to his wife by way of an understanding or agreement.

Appellant argues that the recent case of *Talmadge v. Talmadge,* 241 Ga. 609 (247 SE2d 61) (1978), makes the intention of the parties at the time of the transaction a jury question. In *Talmadge,* the husband in rebuttal of the statutory presumption of a gift offered evidence to establish a course of conduct regarding business transactions occurring between him and his former wife

from which a jury would be entitled to conclude that the intention of both parties at the time of the subject transaction was to establish a resulting trust for him, rather than a gift for her. In this case there was no evidence establishing any course of conduct between the parties in any prior business actions, and the trial court did not err in directing a verdict against appellant on the question of impressing a resulting trust on the property titled in appellee.

Relative to this point, appellant complains in his tenth enumeration of error that the trial court improperly excluded as hearsay evidence of appellant's reasons for borrowing certain funds. This evidence was not relevant to any agreement or understanding which the parties had between themselves at the time the property was conveyed to the wife, and its exclusion was not error.

2. Appellant's second enumeration of error contends the trial court erred in not declaring Code § 30-102 (13) unconstitutional. This issue was decided adversely to appellant in *Dickson v. Dickson,* 238 Ga. 672 (235 SE2d 479) (1977).

3. Appellant next argues that the trial court erred in not declaring the Georgia alimony and child support statutes, Code §§ 30-201, 30-206, 30-207, 30-220, 30-301, 74-105, unconstitutional on the ground that these statutes violated the due process and equal protection requirements of the Georgia and United States Constitutions. Appellant timely and properly raised these constitutional issues in the trial court. Compare *Kosikowski v. Kosikowski,* 243 Ga. 413 (254 SE2d 363) (1979).

Subsequent to the trial court's ruling that these statutes were constitutional, the United States Supreme Court in the case of Orr v. Orr —- U. S. —- (99 SC 1102, 59 LE2d 306) (1979), ruled that a similar Alabama statutory scheme which imposed alimony obligations on husbands, but not wives, violated the Equal Protection Clause of the Fourteenth Amendment. Applying the Orr decision, we held Code Ann. §§ 30-201, 30-202, 30-202.1, and 30-203 unconstitutional in *Stitt v. Stitt,* 243 Ga. 301 (253 SE2d 764) (1979).

The statutes under which appellee was awarded

alimony and child support are unconstitutional in light of the Orr decision, and appellant is entitled to a new trial on the issues of alimony and child support only.

Appellant's remaining enumerations of error alleging the excessiveness of these awards are mooted by this holding. His contention that the award of attorney fees is excessive is without merit.

4. Appellant's contentions that the evidence submitted at trial demands a finding that appellee forfeited any right to alimony because she abandoned her husband and was guilty of adultery are without merit. Any conflict in the evidence on these issues was resolved against appellant's position by the jury, and there was ample evidence to support the verdict.

5. Also without merit is appellant's sixth enumeration of error which alleges that the trial court's award of custody of the parties' two minor children to his former wife is contrary to the evidence.

"In deciding issues of custody, the court is granted the power to exercise its sound discretion in making an award to either party. Code Ann. § 30-127. Where the trial judge exercises a sound legal discretion looking to the best interests of the child, this court will not interfere with his judgment unless it is shown that his discretion was abused." *Sullivan v. Sullivan,* 241 Ga. 7 (243 SE2d 35) (1978).

After presiding for four days over the trial of this case, the trial judge awarded custody of the minor children of the parties to the wife while granting generous visitation privileges to the husband. No evidence was presented which would support a finding that the mother was an unfit parent or that the best interests of the children would not be served by the mother having custody. The trial judge did not abuse his discretion on the issue of custody.

6. Appellant's objection to the trial court's charge was waived by his failure to timely object before verdict. Code § 70-207 (a).

7. Appellant fails to support his objection that the trial court erred in admitting irrelevant evidence with a specific reference to the alleged irrelevant testimony in the transcript. This enumeration is incomplete and shall

not be considered. Rule 18 (c) (3); *Morehead v. Morehead,* 227 Ga. 428 (4) (181 SE2d 59) (1971).

That portion of the trial court's order setting alimony and child support is reversed, and the case is remanded solely for a redetermination of these issues.

*Judgment affirmed in part; reversed in part. All the Justices concur, except Undercofler, P. J., who concurs in the judgment only, and Nichols, C. J., and Hall, J., who dissent as to Division 1.*

ARGUED FEBRUARY 21, 1979 — DECIDED MAY 30, 1979 — REHEARING DENIED JUNE 22, 1979.

*Margie Pitts Hames,* for appellant.
*M. David Merritt,* for appellee.

HALL, Justice, dissenting as to Division 1.

Code Ann. § 108-116 provides that "[a]s between husband and wife, . . payment of purchase money by one, and causing the conveyance to be made to the other, shall be presumed to be a gift, but a resulting trust in favor of the one paying the money may be shown and the presumption rebutted." In *Adderholt v. Adderholt,* 240 Ga. 626(2) (242 SE2d 11) (1978), a majority of this court chose to follow a line of Georgia cases represented by *Scales v. Scales,* 235 Ga. 509 (220 SE2d 267) (1975) and *Williams v. Thomas,* 200 Ga. 767 (38 SE2d 603) (1946). That line of authority holds that in order to rebut the presumption of gift and establish a resulting trust under Code Ann. § 108-116, evidence showing an agreement between the parties to create a trust at the time of the conveyance is required.

I dissented in *Adderholt v. Adderholt,* supra, because I believed its view too narrow and restrictive. The view of other jurisdictions and other Georgia cases focuses the inquiry on the intent of the payor. *Ashbaugh v. Ashbaugh,* 222 Ga. 811 (152 SE2d 888) (1966). The Restatement, Trusts 2d, also makes the intent of the payor to make a gift or create a trust the crucial issue and provides, "where one person pays the purchase price for property which is transferred at his direction to another who is the natural object of his bounty, parol evidence is

admissible to show that *the payor intended that the transferee should not have the beneficial interest in the property... The intention of the payor not to make a gift to the transferee may be shown not only by oral declarations of his intention, but also by the circumstances under which the transfer is made.*"[1](Emphasis supplied.) Restatement, Trusts 2d, § 443 (1959).

Thus the intention of the payor is the relevant inquiry, and both oral declarations and the circumstances surrounding the transfer may show the payor's intention. An agreement, either express or implied, between payor and donee to create a trust is not required. The donee's intention to receive a gift or hold the property in trust is relevant only because it may reflect the *payor's intention*. Insofar as *Adderholt* made the donee's agreement the crucial issue, this court erred. When a purchaser supplies the funds for a transaction, donative intent must be present before a gift and not a resulting trust exists. Code Ann. § 48-101; *Ashbaugh v. Ashbaugh,* 222 Ga. 811, supra. Code Ann § 108-116 presumes that the intention exists to make a gift, but the payor should be allowed to rebut the presumption by proof that his intention was to retain the beneficial interest.

The type of proof which demonstrates the intention of the payor has been collected by one treatise writer. "The

---

[1]Other jurisdictions which, like the Restatement, permit evidence of the payor's intent to rebut the presumption of gift include Illinois, Nolan v. American Tel. & Tel. Co., 326 Ill. App. 328 (61 NE2d 876) (1945); Massachusetts, Krasner v. Krasner, 362 Mass. 186 (285 NE2d 398) (1972); Missouri, Davis v. Broughton, 369 SW2d 857 (Mo. App. 1963); New Hampshire, Foley v. Foley, 90 N. H. 281 (7 A2d 396) (1939); Pennsylvania, Hughes v. Bailey, 202 Pa. Super. 263 (195 A2d 281) (1963). See generally Restatement, Trusts 2d, Appendix, §§ 442, 443, pp. 690-696 (1959) and Restatement in the Courts. In my research, I have found no other jurisdiction which requires evidence of an agreement between the parties, express or implied, to rebut the presumption of gift.

intention that the grantee should not have the beneficial interest in the property may appear from the circumstances at the time of the purchase or it may appear from the subsequent conduct of the parties. The intention not to make a gift may appear from the conduct of the payor in exercising dominion over the property, his collection of the rents, payment for improvements, payment of insurance premiums and taxes. It may appear from words or conduct of the grantee indicating that he understood that the payor was the beneficial owner of the property. It may be shown that the parties orally agreed at the time of the purchase that the grantee was to hold the property for the payor." Scott, Law of Trusts, § 443, p. 3345 (3d Ed.). See Bogert, Trusts and Trustees, §§ 459, 460 (2d Ed. revd. 1977).

As Professor Scott points out, the type of trust sought to be enforced in this kind of case is a resulting trust which arises when one party furnishes the purchase price and title is taken in another party. Requiring an agreement between the parties is not only too restrictive but confuses express trusts with resulting trusts. Scott, supra, p. 3040.

In *Talmadge v. Talmadge,* 241 Ga. 609 (2) (247 SE2d 61) (1978), this court retreated from the *Adderholt* re-quirement that an express agreement between the parties to create a resulting trust was required. Instead, the court found evidence from which an agreement between the parties to create a trust could be implied. The court thus upheld a jury's special verdict that an agreement or understanding existed between the parties that the transferee would hold the stock in trust for the payor against the transferee's claim that the trial court should have directed a verdict in her favor. I joined in this opinion because a directed verdict in favor of the supposed donee is improper when the record contains evidence that the payor has not intended to make a gift of the property. The issue of the payor's intent to make a gift in the *Talmadge* case should have been and was submitted to the jury.

In this case, the majority finds no evidence of an express agreement between the parties to create a trust and no evidence from which such an agreement could be implied. Thus, the majority holds that the trial court

properly directed a verdict in favor of the wife/donee. I dissent under my view that the trial court should have submitted the issue to the jury and instructed them to find the intent of the payor at the time of the conveyance from declarations of his intention, the circumstances of the transfer, and subsequent conduct of the parties.

I am authorized to state that Chief Justice Nichols joins in this dissent.