## 35965. FORD v. FORD.

BOWLES, Justice.

The appeal in this case is from an order of the superior court declaring the husband to be indebted to the wife for attorney fees entered in conjunction with a final decree of divorce. In a previous appeal, *Ford v. Ford,* 243 Ga. 763 (256 SE2d 446) (1979), we overruled the husband's contention alleging excessiveness of the attorney fees award. In that decision we concluded that alimony and child support statutes therein complained of were unconstitutional. Appellant now contends that attorney fees granted in this case are a part of alimony and because of the unconstitutionality of the statute on which it was based we also reversed the award of attorney fees.

We disagree.

In the first appeal we dealt with several enumerations of error. Some of these were found valid and we also affirmed the action of the trial court in several respects. (See *Ford v. Ford,* supra). The first opinion did not expressly deal with the question of whether or not attorney fees were granted under the statute which we declared unconstitutional, or whether they were awarded by virtue of the inherent power of the court. We did, however, deal with the question of excessiveness and there determined that the attorney fees award was not excessive. Had it been the intention of this court to reverse the award of attorney fees because based on a statute declared unconstitutional, we would not have reached the excessiveness issue. Prior to that time we had unanimously declared certain statutory provisions in regard to alimony unconstitutional. *Stitt v. Stitt,* 243 Ga. 301 (253 SE2d 764) (1979). In the *Stitt* decision we nevertheless affirmed the trial court's award of temporary alimony and attorney fees as a derivative and incidental power to the power to grant divorces. Attorney fees are considered temporary alimony. *Brown v. Brown,* 224 Ga. 90 (160 SE2d 343) (1968); *Sullivan v. Sullivan,* 224 Ga. 679 (164 SE2d 130) (1968).

The grant of attorney fees to a spouse in contesting a divorce action is usually left to the sound discretion of the

trial court, and as we said in *Stitt,* is within the inherent power of the court. No contention is made here that the trial court abused its discretion in awarding attorney fees and the excessiveness question was laid to rest in our prior decision.

We conclude that the trial court was correct in its determination that the husband was obligated to pay the attorney fees award.

*Judgment affirmed. All the Justices concur.*

SUBMITTED FEBRUARY 15, 1980 — DECIDED APRIL 8, 1980.

*Sibley & Sibley, John A. Sibley, III,* for appellant.
*McLain & Merritt, M. David Merritt,* for appellee.