37894. DUNHAM v. BELINKY.

MARSHALL, Justice.

Where a spouse seeking alimony incurs expenses in employing a private investigator in order to uncover evidence of adultery committed by the other spouse, Code Ann. § 30-201, are these expenses ever recoverable as part of the alimony award? The trial judge answered this question in the negative, ruling that "no person should be compelled to pay or reimburse another party for costs of his own surveillance which might constitute an invasion of privacy . . ." See Code Ann. § 26-3007. We reverse.

In other jurisdictions, courts have either included or excluded the cost of private investigators' services on the basis of need. "The liability of a husband for the services of a detective engaged by the wife to investigate his marital transgressions is generally dependent upon the wife's necessity for such services in the protection of her interests. Thus, it has been held that if the husband has employed a detective in order to prepare a case for divorce, there is good reason for ordering him to pay a reasonable sum to the wife for similar services in preparing her case or defense. It has also been held that the expense incurred by the wife in employing detectives to obtain evidence of the husband's adultery constitutes suit money, and that the court may require the husband to pay such debt where the services were reasonable and necessary to the bringing of the action." 24 AmJur2d 699, Divorce & Separation, § 578. See also Anno., 99 ALR2d 264, "Husband's liability for expenses incurred by wife in investigating his marital transgressions."

In deciding whether to award attorney fees and other expenses of litigation to a spouse in a divorce proceeding, the trial judge is required to exercise his discretion. E.g., *Ford v. Ford,* 245 Ga. 569 (266 SE2d 183) (1980); *Bowman v. Bowman,* 242 Ga. 259 (248 SE2d 654) (1978); *Adderholt v. Adderholt,* 240 Ga. 626 (5) (242 SE2d 11) (1978). By the terms of the trial judge's order, he has shown that he refused to exercise his discretion here. Therefore, the judgment must be reversed and the case remanded for reconsideration.

*Judgment reversed and case remanded with direction. All the Justices concur, except Clarke and Smith, JJ., who dissent, and Weltner, J., who is disqualified.*

DECIDED NOVEMBER 13, 1981.

*Katz & Weissman, Donald A. Weissman,* for appellant.
*Harland, Cashin, Chambers & David, Harry L. Cashin, Jr., Frank L. Wilson III,* for appellee.